(No. 35343.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* COMMODORE REED, JR., Plaintiff in Error.

*Opinion filed March 29, 1961.*

Herbert Barsy, of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and William L. Carlin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

Commodore Reed, Jr., hereinafter called defendant, was charged in the criminal court of Cook County with the unlawful sale and possession of narcotic drugs. On a trial before the court, he was found guilty and sentenced to the Illinois penitentiary for a minimum term of 10 years and a maximum term of 15 years.

The defendant, seeking a review of this conviction on writ of error, contends here that the evidence introduced was not sufficient to justify a finding of guilty and that prejudicial error was committed by the prosecution in injecting into the proof the commission by the defendant of a separate, distinct and substantive offense.

In the afternoon of May 9, 1960, Everett Leek, an agent of the United States Treasury Department, was introduced by a special employee, Max Smith, to a man by the name of Golliday, whom Leek identifies as Commodore Reed, Jr., the defendant. Leek arranged with defendant for the purchase of 6 five-dollar bags of narcotics. Ten minutes later Reed delivered to Leek 5 pink packages which, by chemical analysis and uncontested proof were shown to contain heroin hydrochloride.

The defendant was not arrested on May 9. About two weeks later, however, Leek encountered the defendant at Sharpies Bar—the same place where the May 9th transaction occurred. He sought to make another purchase of narcotics from the defendant and gave him $40 in marked

money for 8 five-dollar bags. The defendant did not return as soon as expected, so Leek started a tour of the neighborhood in search of him. Without any difficulty the defendant was located and he reported that for various reasons he was unable to close the transaction, whereupon Leek exhibited his credentials and placed Reed under arrest. No sale of narcotics was accomplished on this second meeting on May 22, 1960. The $40 in currency was returned to the agent.

The defendant testified that he was not involved in the transaction, but could not account for his whereabouts on the 9th, 10th, and 11th of May. His credibility was somewhat impaired by proof that previously he had been convicted of an infamous crime.

Rayne T. Valentine, another agent for the bureau of narcotics, testified for the State. He identified the defendant as the person Leek interviewed at Sharpies Bar on May 9, 1960. He also performed a field test on the narcotics delivered to Leek by defendant on that date.

We are of the opinion that the trial court was justified in believing the witnesses for the prosecution, rather than the defendant.

The defendant further contends that he was improperly limited in his cross-examination of Leek and Valentine with reference to the identity and whereabouts of Max Smith who seems to have been an informer and effectuated the contact between Leek and Reed. The court's ruling was made pursuant to the government privilege commonly called the "informer's privilege." (*People* v. *Mack,* 12 Ill.2d 151, 164.) There is no showing that Smith participated in the event of May 22nd or that his testimony in connection with the occurrence on May 9 would in any way be helpful to the defense.

The defendant further asserts that he was prejudiced in his trial because he was questioned concerning his work record. This examination consisted only of a few questions,

and then no objection was made and no motion was made to strike. Furthermore, the defendant is not in a position to complain because in his direct examination he was interrogated with reference to his occupation.

Finally, it is urged by defendant that it was error for the trial court to receive in evidence the testimony pertaining to the events of May 22 when Leek made arrangement with defendant for another purchase of narcotics and the giving to him of $40 in marked currency which was returned when the deal failed of completion. We are of the opinion that this testimony is not vulnerable to this attack. *People* v. *Tranowski,* 20 Ill.2d 11; *People* v. *Aldridge,* 19 Ill.2d 176; McCormick on Evidence, sec. 157.

We have considered all other alleged errors and find them without merit and unworthy of discussion.

*Judgment affirmed.*