**UNITED STATES of America ex rel., Commodore REED, Jr., Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellee.**

**No. 13860.**

United States Court of Appeals Seventh Circuit.

Feb. 14, 1963.

Rehearing Denied March 26, 1963.

Commodore Reed, Jr., pro se.

William G. Clark, Atty. Gen. of Illinois, Chicago, Ill., William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. As petitioner was unable to be present at the time this case was set for oral argument before this Court, the case was taken on the briefs and without any oral argument.

Charges were brought against the petitioner herein in an Illinois state court, for the unlawful sale and possession of narcotic drugs. In a trial before the Court, he was found guilty and sentenced to the Illinois penitentiary where he is presently confined.

He appealed his case to the Illinois Supreme Court which affirmed his conviction in People v. Reed, 21 Ill.2d 416, 173 N.E.2d 422. A petition for certiorari was filed. The Supreme Court of the United States requested the Attorney General of Illinois to respond to petitioner's application for a writ of certiorari. On being informed the petitioner had made no claim of federal constitutional rights in the trial court, the Supreme Court denied certiorari by memorandum order, and without opinion.

On April 30, 1962, the District Court entered a judgment order without hearing, denying the petition for a writ of habeas corpus " * * * for failure to exhaust State Court remedies." On May 29, 1962, the clerk of the District Court received a petition for reconsideration of the order of April 30, 1962. On the same day, the District Court entered an order that the petition for reconsideration be denied.

Petitioner's principal contention is that the State of Illinois did not produce one Max Smith as a witness, and that the petitioner was denied compulsory process to require the attendance of Smith at the trial. Petitioner describes Smith as "Max Smith who seems to have been an informer and effectuated the contact between Leek and Reed."

This same contention was made on petitioner's appeal to the Supreme Court of Illinois. In its opinion, that Court commented "There is no showing that Smith participated in the event of May 22nd or that his testimony in connection with the occurrence of May 9 would in any way be helpful to the defense." 21 Ill.2d 416, 418, 173 N.E.2d 422, 423.

Respondent urges the appeal herein was not timely filed and that neither Rule 59 nor Rule 60, Federal Rules of Civil Procedure, covers the situation before us. However, petitioner is an incarcerated layman, and we shall assume the appeal was timely filed and proceed to consider the merits.

It appears that petitioner, although represented by counsel, did not invoke any claim under the Fourteenth Amendment in his trial. Furthermore, no sufficient showing was made that the failure to call Smith as a witness upon the trial was, in any way, a failure of due process.

The judgment of the District Court dismissing the petition for a writ of habeas corpus is

Affirmed.