(No. 37892.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT LEE COLE, Plaintiff in Error.

*Opinion filed November 26, 1963.*

WALTER LA VON PRIDE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

A jury in the criminal court of Cook County found defendant Robert Lee Cole guilty of the unlawful sale, possession and dispensing of narcotic drugs, on October 10, 1961, and the court sentenced him to the penitentiary for a term of 10 to 20 years. A writ of error has been issued to review the conviction.

Clarence Cook, a Federal narcotics agent, testified that about 7:45 P.M. on October 10, 1961, he saw and talked with defendant in a tavern at 5242 South Calumet in Chicago. Defendant asked Cook where he had been and Cook replied I have been around. Cook told defendant he wanted to purchase a spoon of heroin from him. Defendant had Cook wait while he talked to some people. They then left in Cook's car, drove to 64th and Cottage Grove, parked the car and went into the Woods Lounge. During the drive defendant had asked for, and Cook had given him, $120. Defendant left for 10 or 15 minutes, then returned and asked if Cook was ready to go. As they left the Woods Lounge

defendant gave Cook a manila envelope and said he would see Cook later. The envelope contained a white powder which a field test showed to be heroin. Cook, over strenuous and repeated objections, further testified about two other controlled purchases of narcotics he made from defendant, the first being on July 20, 1961, and the second on September 26, 1961.

Federal agent Connolly testified that he observed defendant and agent Cook on October 10, and corroborated much of agent Cook's testimony. Over objection, he also testified that he observed defendant and Cook on July 20 and September 26.

Defendant admitted being with agent Cook on October 10, 1961, and having been with him on July 20 and September 26. He denied, however, that he sold any narcotics to Cook on any of those dates.

Defendant argues that the trial court erred in admitting evidence of the sale of narcotics by him on July 20 and on September 26 when he was only charged with, and was being tried for, the sale on October 10. Evidence of other offenses is admissible, if relevant for any purpose other than to show a mere propensity on the part of the defendant to commit the crime. (*People* v. *Lehman*, 5 Ill.2d 337.) Thus, we have allowed evidence of narcotics transactions by a defendant other than the one for which he is being tried where such evidence was relevant to prove his identity, (*People* v. *Lopez*, 10 Ill.2d 237; *People* v. *Reed*, 21 Ill.2d 416,) his guilty knowledge (*People* v. *Aldridge*, 19 Ill.2d 176; *People* v. *Lewerenz*, 24 Ill.2d 295,) or to show his design or system. (*People* v. *Steele*, 22 Ill.2d 142.) The Federal courts have used the same test in allowing evidence of other narcotics transactions by defendant. See *e.g. Medrano* v. *United States* (9th cir.) 285 F.2d 23; *United States* v. *Prince*, (3d cir.) 264 F.2d 850; *United States* v. *Dornblut* (2d cir.), 261 F.2d 949; *United States* v. *Iacullo* (7th cir.), 226 F.2d 788.

Defendant asserts that since he admitted being with agent Cook on October 10, his identity was not in issue and since he denied giving Cook a package or receiving money, his guilty knowledge was not in issue. This assertion overlooks the fact, however, that these were two elements to be proved by the People and there was no way of knowing what defense, if any, would be interposed. (See 2 Wigmore, Evidence, 3rd ed. sec. 307.) The People cannot be required to confine this evidence of prior transactions to rebuttal since there may be no rebuttal if defendant offers no evidence.

Prior transactions between agent Cook and defendant strengthened the identification of defendant as the person with whom Cook dealt on October 10, and tended to remove any doubt that the defendant's conduct on October 10, if the jury believed Cook's version, was inadvertent or innocent. We think that it also showed the relationship between the parties and therefore explained Cook's account of the transaction of October 10. Considering the stealth with which narcotics transactions are conducted, it is not likely that agent Cook could have merely walked up to defendant, asked for a spoon of heroin, given him $120, gone to the Woods Lounge and had defendant give him the heroin. Yet this, in substance, is what the agent said. This account becomes plausible, however, when it is explained that on July 20 a special employee introduced Cook to defendant. These special employees of the police are generally users of narcotics and persons who know the sellers and are trusted by the sellers. Because of this introduction a sale was allegedly made on July 20, defendant making delivery by leaving the narcotics at a relay mail box. When no arrest was made for the transaction on July 20, this being a common practice of the police in order to locate the seller's source of supply, the next sale between Cook and defendant was made with less stealth on September 26, defendant making direct delivery to Cook whom he apparently trusted on the second occasion.

These prior transactions explain and lend credence to the otherwise unrealistic ease with which the Federal agent managed the controlled sale on October 10.

We hold that evidence of the prior transactions between agent Cook and defendant were properly admitted because this evidence was relevant for purposes other than to show defendant's propensity to commit the crime on October 10.

It is next argued that the trial court made improper remarks to and before the jury. The first statement complained of relates to the admission of the evidence of the transactions on July 20 and September 26 between defendant and agent Cook. When this evidence was admitted the court told the jury, "The. defendant is not to be convicted on this present indictment simply because the State has offered evidence that he sold narcotics at some other date. He is charged with the sale of narcotics on the 10th day of October. I will submit a written instruction to you on that point, when the case is finally submitted to you. But I want you to understand that he is on trial for the October 10th sale. These other transactions are simply admitted for your consideration, for whatever light it will throw upon the case, and associations between the parties."

This statement by the court made it clear that defendant was not to be convicted for his conduct on any date other than October 10 but that the jury could consider the evidence as showing the relationship between the parties. As we have pointed out, the prior transaction between agent Cook and defendant was relevant for several purposes, other than to show bad character, including the purpose of explaining the People's version of what happened on October 10. The misleading effect the statement may have had was overcome when the court gave defendant's instruction No. 8 which properly apprised the jury concerning the evidence of other offenses.

Complaint is then made of the trial judge asking one of the People's witnesses during cross-examination, if he was

unable "to get the marked money in this case." Defendant's attorney did not object to this question, but himself pursued this line of examination to defendant's advantage. The attorney stated, "That gets down, to use the Court's term 'marked money', I want to distinguish for the jury's benefit that the money itself is not altered to put a mark on it. That might make a violator aware. You just take the numbers down and record them on paper; isn't that correct?" The witness answered, "That's correct" and the attorney asked, "And you then take the money from the person arrested and match that money with the list you originally wrote?" The witness answered "That's right" and the attorney asked, "On this occasion you didn't do it, did you?" The witness answered, "No, we did not" and the attorney asked "It wasn't done on any prior occasion was it?" The witness answered "No, it was not." We fail to see how the court's question prejudiced the defendant.

Defendant asserts that the trial court erred in denying a motion for a mistrial after one of the Federal agents testified, "I asked the defendant who his source of supply was, for the narcotics that had been purchased by agent Cook. He replied that he didn't want to say anything about it, that he would take his medicine." Defendant's reply was an admission and the trial court did not err in denying the motion for a mistrial.

The People's evidence is sufficient, if believed, to prove defendant guilty beyond a reasonable doubt. The jury chose to believe this evidence rather than defendant. This was within the jury's province and we find no reason to disturb its finding of guilty.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*