(No. 41267.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* COMMODORE REED, JR., Appellant.

*Opinion filed March 27, 1969.*

WARD, J., took no part.

WILLIAM J. SHERIDAN, of Oak Park, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and THOMAS J. IMMEL, Assistant State's Attorneys, of counsel) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing, without an evidentiary hearing, a petition filed pursuant to the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*

On July 15, 1958, Commodore Reed, Jr., was found guilty, in a bench trial, of the unlawful sale and possession of narcotic drugs. This court, on writ of error, reviewed and affirmed the conviction. (*People* v. *Reed,* 21 Ill.2d 416, *cert.* den. 368 U.S. 990, 7 L. Ed. 2d 527, 82 S. Ct. 606.) Petitioner then sought a writ of *habeas corpus* in the United States District Court which, on April 30, 1962, declined to issue the writ. Petitioner took an appeal from that order to the United States Court of Appeals for the Seventh Circuit (*United States ex rel. Reed* v. *Pate* (7th cir.), 314 F.2d 458) which affirmed the District Court after a consideration of the merits of the case, and on March 26, 1963 denied a rehearing.

Reed filed his post-conviction petition on July 13, 1967, more than four years and three months after the conclusion of his *habeas corpus* proceedings in the Federal courts, and more than six years and three months after this court had reviewed his conviction.

The threshold question in this case is the application of the statutory limitations for the filing of petitions under the Post-Conviction Hearing Act. At the time of Reed's conviction, the statute read, in pertinent part, as follows: "No proceeding under this Act shall be commenced more than five years after rendition of final judgment, or more than three years after the effective date of this act, whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." Ill. Rev. Stat., 1957, ch. 38, par. 826.

In 1963 the statute was amended and renumbered, with the adoption of the revised Code of Criminal Procedure, as section 122—1 *et seq.* of chapter 38. The legislature at that time deleted the alternative time limitation of 3 years from the statute which had been in effect since 1949. In 1965 the statute was again modified. At the time of the filing of the petition in this case the statute read as follows: "No proceeding under this Article shall be commenced more than 20 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." Ill. Rev. Stat. 1965, ch. 38, par. 122—1.

Central to the issue, therefore, is whether this court should apply the 20-year statute in effect when the petition was filed, or the 5-year statute in effect on the date of conviction. Once before a similar question was before us in the case of *People* v. *Lansing*, 35 Ill.2d 247. A factual distinction exists, since *Lansing* involved a petition filed and denied before the Act was amended but after the 5-year statute of limitations had run its course. The *Lansing* decision, however, was not limited to a case where a petition had been denied prior to the amendatory act.

It was held there: "The limited question with which we are here presented is whether the amendatory act of 1965 operated to revive a cause of action which had been not only barred by the lapse of time but as to which a judicial de-

termination, correct at the time it was entered, had been made confirming that it was barred. \* \* \* We find nothing in the language of the amendment indicating an intent on the part of the legislature to revive an action which had been previously barred, and in our opinion the amendment of 1965 can not be applied to the petitioner's cause of action." 35 Ill.2d 247, 249-250.

We therefore hold that the limitation period applicable in the present case is 5 years and the time within which petitioner Reed could have filed his post-conviction petition expired on July 16, 1963. The 1965 amendatory Act did not revive that right nor did it create a new right which would apply in petitioner's case.

One question remains: Did the petition allege facts showing that the delay was not due to culpable negligence? The petition alleges numerous errors, but makes no attempt to explain the delay of more than four years after the completion of the Federal court proceedings.

In view of the complete absence of any factual allegations tending to show that failure to file the petition was not the result of culpable negligence, we hold that the petition was not timely filed, and the order of the circuit court dismissing the petition is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.