The People of the State of Illinois, Plaintiff-Appellee, *v.* William Leon Wallace, Defendant-Appellant.

(No. 11802; )

Fourth District—November 29, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant appeals the dismissal of his petition for post-conviction relief. The Illinois Defender Project, as court-appointed counsel, has filed a motion to withdraw together with a brief in compliance with *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel concluded that the appeal is without merit and further review would be frivolous. Defendant was given leave to file any points or suggestions and none have been filed.

The record before us shows that the defendant entered a plea of guilty to the charge of forgery in April of 1959. A sentence of 1 to 2 years was imposed. The petition for post-conviction relief discloses that the defendant was discharged from custody in Illinois in January 1961.

In November 1971, the defendant undertook to obtain post-conviction relief. The trial court appointed counsel. Counsel communicated with the defendant, prepared and filed a post-conviction petition. The defendant was then incarcerated in California. The trial court dismissed the petition holding that the post-conviction relief sought was barred by the then applicable statute of limitations and further held that the petition set forth mere conclusions and furnished no basis for post-conviction relief.

■■ Counsel for the appeal state that the appeal is lacking in merit for the reasons assigned by the trial court and for the further reason that the defendant is not now incarcerated in the penitentiary within the contemplation of the statutory provision pertaining to post-conviction proceedings. While incarceration for the offense from which post-conviction relief is sought is not essential to post-conviction relief (*People v. Davis*, 39 Ill.2d 325, 235 N.E.2d 634), we agree with counsel that this appeal is wholly without merit.

■■ At the time of defendant's conviction and for some six years thereafter the statute of limitations with reference to post-conviction relief was 5 years. (Ill. Rev. Stat. 1959, ch. 38, par. 122—1.) The 5-year limitation was changed to 20 years in 1965. In *People v. Reed*, 42 Ill.2d 169, 246 N.E.2d 238, the court held that the 1965 amendment did not revive any rights to post-conviction relief that had expired prior to the effective date of the amendment. Such is true in this case.

We find nothing in this record, nor is any reason suggested, that would validly operate to suspend or extend the statute of limitations.

The motion of the Illinois Defender Project to Withdraw as counsel is allowed and the judgment of the circuit court of McLean County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.