THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOROTHY DANIELS, Defendant-Appellant.

(No. 55989;

First District (4th Division)—May 9, 1973.

Sidney Z. Karasik, Gary E. Dienstag, and Stuart N. Litwin, all of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a conviction for selling heroin in violation of section 22—3 of the Uniform Narcotic Drug Act (Ill. Rev. Stat., ch. 38, § 22—3). After a jury trial the defendant, Dorothy Daniels, was sentenced to the penitentiary for a term of 20 to 30 years.

Her basis of appeal is that the trial court erred in allowing the State to present testimony concerning prior offenses for which she had been indicted but not tried.

At trial, Russell Cerceo, a special agent for the Illinois Bureau of Investigation, testified he had a telephone conversation with the defendant on April 20, 1970, in which she agreed to have a sample of heroin ready for him the next day. The following day Cerceo entered the Easy Way Out tavern, where the defendant worked as a barmaid. There were two people in the bar at the time, one of whom was another special agent. Cerceo inquired whether the sample was ready, and the defendant told him it was taped under the customer's side of the bar where he was sitting. Cerceo located the packet and a few minutes later placed $60 in an empty peanut package and left it on the bar. He indicated to the defendant where he had placed the money, and she took the package and threw it on her side of the bar. Cerceo and the other agent left and returned to his office where they field tested the contents of the packet and found that it contained heroin.

The witness was then asked whether he had occasion to purchase any other heroin from the defendant. Over objection by defense counsel and after the judge denied a motion for a mistrial, Cerceo testified that on March 27 he and a special investigator of the United States Treasury Department went to the Easy Way Out tavern and paid the defendant for a packet which he found taped under a telephone in the bar. When subjected to a field test, he found it contained heroin. He also described over defense objections how on April 8, 1970, he went to the bar and asked the defendant whether the sample was ready, as agreed in a telephone conversation. She told him it was and that he could find it taped in the back room. He retrieved the packet from under a towel rack, returned to the bar, and placed the payment in a towel on the bar after catching the defendant's attention. This packet was also determined to contain heroin.

The defendant took the stand and admitted knowing agent Cerceo, but denied selling him narcotics or accepting money from him.

The defendant contends the trial court erred by allowing testimony concerning other sales of narcotics, alleging it was put into evidence merely for prejudicial purposes; that if the State was going into the other pending indictments, it would be necessary to try them at the same time; and it went outside the bounds of the present indictment. The State argued the evidence was admissible to establish the defendant's identity, to establish a pattern or scheme on the part of the defendant, and to establish her intent.

The court relied heavily on the case of *People v. Cole* (1963), 29 Ill.2d

501, in which the court said evidence of other offenses is admissible if relevant for any purpose other than to show a mere propensity on the part of the defendant to commit the crime, citing cases in which such evidence was relevant to show the defendant's identity, guilty knowledge, or his design or system. In *Cole,* the court said the facts of that case warranted the introduction of evidence of other offenses because "[t]hese prior transactions explain and lend credence to the otherwise unrealistic ease with which the Federal agent managed the controlled sale on October 10."

In the case of *People v. Steele* (1961), 22 Ill.2d 142, 146, cited in *Cole,* the court held that evidence of prior crimes was admissible because of the "unique nature of the crime with which the defendant was here charged  *  *  *."

In the case at bar, the sale for which the defendant was being tried was not unique and the evidence given by the agents with respect to it was sufficient to have sustained a guilty verdict if believed by the trier of fact. The evidence of prior crimes was not a necessary element of the State's case: the identity of the defendant was not in issue, the intention of the defendant was well established by the testimony that she knew where the narcotics were placed and accepted money in payment for them, and the circumstances surrounding the transfer were not so bizarre and unbelievable that corroboration was required. Neither was there an attempt to prove the sale in issue was merely a part of a larger continuing plan, scheme or conspiracy.

The effect of the introduction of the evidence of the prior transactions could only have been to show the propensity of the defendant to commit the crime on April 21, 1970, and was error.

The defendant also made an argument with reference to the inappropriateness of the sentence, but we need not reach that issue in view of our decision on the merits.

For the reasons stated, the judgment of the Circuit Court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded for a new trial.

ADESKO and JOHNSON, JJ., concur.