THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK LEE PRICE, Defendant-Appellant.

(No. 11647; ▮▮▮▮▮▮▮

Fourth District—March 14, 1974.

John F. McNichols, Deputy Defender, of Springfield (Bruce L. Herr, Legal Director, of Office of State Appellate Defender, of counsel), for appellant.

Robert J. Bier, State's Attorney, of Quincy (Thomas J. Mellen, II, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant and one Plue were charged with the sale of a narcotic drug. The jury returned a verdict of guilty as to defendant, but found Plue not guilty.

At the trial it was conceded that the defendant sold heroin, but defendant contended that he had been entrapped into making the sale by IBI agents, Erdman and Kunce. This theory of defense was indicated in defendant's opening statements and it was argued to the jury that the evidence showed that defendant had been entrapped.

Defendant testified that he had never been to Quincy before the occasion of the making of the sale, and that he had gone there following three or four requests for a meeting there by an individual who was an informant for the IBI agents. Upon cross-examination, defendant denied that he had ever seen Erdman or Kunce before the occasion of the sale, and it was subsequently argued that the informant had arranged that defendant be present so that the agents might buy the heroin.

Erdman and Kunce testified, in rebuttal, to meeting defendant in Macomb some two weeks prior to the date when the sale was made in Quincy, and to conversations at such meeting which indicated that defendant was engaged in the sale of narcotic drugs. No objection to such testimony was made at the trial.

Here, it is argued that the rebuttal testimony was an improper im-

peachment of defendant's testimony that he did not know Erdman and Kunce. It is said that the impeachment was reversible error in that it tended to show that defendant had committed other narcotic offenses and that such impeachment was actually designed to show a propensity for the criminal sale of narcotics. It is argued that the impeachment of defendant's testimony should have been limited to testimony that Erdman and Kunce had met defendant 2 weeks prior. It is further urged that there was error in that the trial court did not sua sponte instruct the jury that the rebuttal testimony was for purposes of impeachment only.

Although no objection was made to such testimony at the trial, defendant also urged that the portion of the testimony concerning a conversation about sale of marijuana had at the time of the sale of heroin was erroneous as showing a propensity for other crimes. It is urged that these aspects of the testimony were so prejudicial that the error must be noticed under Supreme Court Rule 615(a). Defendant relies upon the holding in *People v. Meid*, 130 Ill.App.2d 482, 264 N.E.2d 209, holding that there was plain error where the arresting officer testified on direct examination concerning defendant's conversation which indicated that he had made other sales.

The arguments upon appeal ignore the consequences of asserting the defense of entrapment. Such defense is now embodied in the statutes. Ill. Rev. Stat. 1969, ch. 38, par. 7—12, provides:

"A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated."

■■ The State's Attorney contends that the testimony was proper in rebuttal of the defense of entrapment. In *People v. Outten*, 13 Ill.2d 21, 25, 147 N.E.2d 284, defendant was charged with the illegal sale of narcotics. He raised the issue of entrapment. The court said:

"When the defense [of entrapment] is invoked, the predisposition and criminal design of the defendant becomes relevant, and the People may then introduce such evidence relating thereto as bears upon the issue of entrapment."

The issue of such defense necessarily created an exception to the general rule of evidence that direct proof of other criminal acts is inadmissible. (*People v. Gonzales*, 125 Ill.App.2d 225, 260 N.E.2d 234.) This conclusion is consistent with and supported by the opinion of *People v.*

*Cole,* 29 Ill.2d 501, 194 N.E.2d 269, which holds that evidence of other offenses is admissible if for a purpose other than showing a propensity to commit criminal offenses. The opinion in *Meid* cited by defendant is clearly distinguishable in that there was a denial that defendant made the sale alleged.

The record here belied any theory that defendant was lured or induced into committing an offense which he had no intention to commit, and which he would not have otherwise committed but for the conduct of the officers. It appears that he travelled from Macomb to Quincy taking the quantity of heroin with him, although there is no testimony or evidence concerning any request that he bring or produce the heroin. The evidence is that he reported the quality and quantity of the heroin sold. *People v. Gonzales,* 125 Ill.App.2d 225, 260 N.E.2d 234.

In *Outten,* it is said that affording opportunities or facilities for the commission of a crime and the use of artifice to apprehend those in criminal ventures is quite different from persuading or inducing a person to commit a crime which otherwise he had no intention of doing.

Upon the facts of record, the prosecutor's argument that defendant was in the business of selling heroin was directed to the defense of entrapment and was supported by the evidence. Nothing suggests that defendant was deprived of a fair trial.

The judgment is affirmed.

Affirmed.

SMITH, P. J., and SIMKINS, J., concur.