THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN GOINS, Defendant-Appellant.

Third District   No. 75-327

Opinion filed September 28, 1976.

Jerry Serritella, of Peoria, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Tazewell County, after trial by jury, finding defendant, John Goins, guilty of the unlawful delivery of a controlled substance.

On October 30, 1974, John Goins, Loren Evatt, Rick Kane and Steve Kane were indicted for the unlawful delivery of less than 300 grams of a substance containing phencyclidine. Co-defendants Rick Kane and Steve Kane were tried with defendant John Goins. Loren Evatt pleaded guilty prior to trial. On May 9, 1975, defendant was sentenced to a term of imprisonment of not less than one year nor more than three years in the Department of Corrections.

The main witness for the State was Jerry LaGrow, Director and Commander of the Multi County Narcotic Unit. LaGrow testified that on October 8, 1974, he met Loren Evatt when he picked Evatt up while hitchhiking. They had a conversation relating to drugs and then he drove Evatt to a nearby restaurant where Evatt attempted to cut him into some dope peddlers. LaGrow stated he saw Evatt again on October 10, 1974, and on October 22, 1974, he again met with Evatt who told him he had some good "angel dust" to sell. This he explained was phencyclidine or P.C.P., an animal tranquilizer. LaGrow testified this conversation took place in Evatt's trailer and shortly afterwards an automobile arrived in which were Steve Kane, Rick Kane and the driver, the defendant John Goins. LaGrow testified he and Evatt walked to the auto and Evatt introduced him to its occupants. He testified Steve Kane offered to sell him some dust for $105. LaGrow gave the $105 to Steve Kane who stated he would get the "dope." During this conversation defendant was looking at LaGrow but said nothing. LaGrow testified Loren Evatt, Steve Kane and defendant John Goins left in the car while Rick Kane stayed at the trailer with LaGrow. LaGrow stated he and Rick Kane waited for about two and a half hours at which time Loren Evatt, Steve Kane and defendant returned. LaGrow stated the three men came into the trailer and he was given a white substance in a tinfoil package which was represented to be "real good dust." LaGrow stated that at this time defendant was standing about five feet from the transaction. Defendant was looking at the others but said nothing. Defendant, Rick Kane, Steve Kane and Loren Evatt plus another witness all testified that on October 22, 1974, it was Loren Evatt only who was involved in the sale of P.C.P. to LaGrow. They testified Rick Kane, Steve Kane and defendant had no idea any sale of drugs was taking place.

Two issues are raised on this appeal: one, whether testimony regarding other drug sales committed by a co-defendant was improperly admitted

into evidence at defendant's trial and two, whether defendant was denied a fair trial due to the closing arguments of the prosecutor.

The first issue is whether defendant was denied a fair trial by the admission of evidence regarding other drug sales committed by a co-defendant. Specifically, through questions and answers by the prosecutor to the State's main witness, Jerry LaGrow, there were three areas in which testimony was elicited regarding other drug sales committed by a co-defendant. The first area relates to agent LaGrow's testimony that after meeting Loren Evatt he and Evatt went to a restaurant where Evatt tried to cut him into some dope peddlers. Defendant's objection to this testimony was overruled. LaGrow then testified he and Evatt went across the street where Evatt telephoned a girl from whom he stated he could get 1,000 hits of speed. The second area relating to testimony regarding other drug sales by a co-defendant involved LaGrow's testimony that on another occasion Evatt introduced him to an Eddie Ervin and LaGrow passed money to Evatt who handed it to Ervin and Ervin handed L.S.D. to Evatt who handed it to LaGrow. The third area relating to testimony regarding other drug sales consisted of LaGrow's testimony as to his conversation with Rick Kane on October 22, 1974, while they were waiting for Steve Kane, Loren Evatt and defendant Goins to return to the trailer. LaGrow testified Rick Kane stated he was the head and Steve was his brother and their last name was Kane and his name was Rick Kane and the other brother was Jim that LaGrow had purchased some marijuana from on a prior occasion. Kane told him they usually worked together but that Steve was the one that had all the connections.

■■ With regard to the first issue, the general rule is that evidence of other crimes is admissible if relevant for any purpose other than to show a mere propensity on the part of defendant to commit the crime. (*People v. Lehman*, 5 Ill. 2d 337, 125 N.E.2d 506.) Defendant argues the evidence of prior unrelated drug dealings by one of them was for the purpose of characterizing the defendants all as hardened drug dealers. He cites *People v. Cole*, 29 Ill. 2d 501, 194 N.E.2d 269, and *People v. Baxter*, 74 Ill. App. 2d 437, 221 N.E.2d 16, to support his position that the citing of these aforementioned prior drug dealings not involving defendant constituted prejudicial misconduct on the part of the prosecutor. However, in *Cole* the court affirmed the conviction and held that evidence of the sale of narcotics by defendant to an agent on two previous occasions was properly admitted because this evidence was relevant for purposes other than to show defendant's propensity to commit the crime on the date in question. The court stated the prior transactions strengthened the identification of the defendant as the person with whom the narcotic agent dealt and tended to remove any doubt defendant's conduct on the date in question was inadvertent or innocent. The court stated the prior transactions explained and lent credence to the otherwise unrealistic ease

with which the Federal agent managed the controlled sale on the day in question.

In *People v. Baxter*, 74 Ill. App. 2d 437, 221 N.E.2d 16, defendant's conviction for unlawful sale of drugs was reversed and remanded for new trial. The *Baxter* court distinguished *People v. Cole*, 29 Ill. 2d 501, 194 N.E.2d 269. In *Baxter*, the court stated the plausibility of the transaction presented no problems since the questionable testimony was given by a man who was neither a Federal narcotics agent nor a stranger to defendant but was both a special police employee and a narcotics addict who had known defendant and had seen him everyday during the prior three months. Also, in *Baxter* the defendant purchased a small amount ($10) of narcotics as opposed to the $120 purchase in *Cole*. In the instant case the questionable testimony was given not by a special police employee and narcotic addict as in *People v. Baxter*, 74 Ill. App. 2d 437, 221 N.E.2d 16, but to a narcotics agent as in *People v. Cole*, 29 Ill. 2d 501, 194 N.E.2d 269. Furthermore, agent LaGrow was not someone defendant and the others had seen everyday for the prior three months as in *Baxter*, but was someone more like the stranger in *Cole*. The fact that LaGrow had purchased marijuana from another of the Kane brothers in the past and the facts of his relationship with Loren Evatt was relevant to explain the ease with which he was able to manage the delivery of the drugs in question here. It also should be noted no limiting instruction was proffered regarding the admission of evidence of other crimes. Accordingly, we hold it was not error for the court to admit evidence of other crimes relating to drug sales committed by a co-defendant.

■■ The next issue relates to portions of the prosecutor's closing arguments. Since no objections were made at trial and the propriety of such arguments was not raised in post-trial motion, these arguments are being raised for the first time on this appeal and therefore we must decide whether "plain error" was committed by the prosecutor's closing arguments. The general rule is the court may relax the waiver rule but a conviction should not be reversed unless the closing argument of the prosecutor not objected to at trial is so prejudicial and inflammatory as to deprive the defendant of a fair trial and was a material factor in the guilty verdict of the jury. *People v. Young*, 33 Ill. App. 3d 443, 337 N.E.2d 40; *People v. Briggman*, 21 Ill. App. 3d 747, 316 N.E.2d 121.

Two portions of the prosecutor's closing arguments are in issue here. In the first portion the prosecutor began with "What about the use of drugs in all the witnesses? * * *." It is noted that defendant John Goins was one of the witnesses. The prosecutor went on and asked whether a person who uses drugs is a little bit more subject to suspicion and less believable not only because of his use of drugs but because of what one has to do to get drugs. There is no evidence in the record defendant John Goins had ever taken drugs. It is also noted there were admissions by the other

witnesses that they had in fact taken drugs and it appears from the record the reference by the prosecutor to all of the witnesses taking drugs was not intentional. It is necessary to determine if such a reference was so prejudicial as to deprive defendant of a fair trial and also to be a material factor in his conviction.

The same criteria is to be applied to the second portion of the closing argument which was "Now, before I say what I'm going to say, I'm not asking you to take out the problems of our country on these Defendants. I'm not saying this. What I'm saying is this! We have a drug problem in the United States of America and just because of that, you're not to find these people guilty merely because of that. But they are guilty and a part of that problem, ladies and gentlemen, and its your duty to find them guilty because if you free them when they are guilty then you become part of the problem." The defendant argues the only purpose of this quoted portion of the argument was to arouse the jury against the defendant. He argues that since the subject of the drug problem is a sensitive one and people are angered by the pervasive use and sale of drugs in the United States, the argument of the prosecutor consisted of an attempt on his part to bully and frighten the jury into convicting the defendant. Defendant points out that what the prosecutor told the jury was that they would become a part of the national drug problem if they did not convict John Goins and the others while actually this idea had nothing whatever to do with the case but did have the effect of making the jury feel they did have the duty to God and country to convict defendant regardless of guilt or innocence. We do not share defendant's views that this argument had any such improper purpose or result.

■■ Defendant argues the case against him was very close and cites *People v. Young*, 33 Ill. App. 3d 443, 337 N.E.2d 40, and *People v. Johnson*, 35 Ill. App. 3d 666, 341 N.E.2d 443, to support his contention the closing argument was so prejudicial and inflammatory as to deny defendant a fair trial. We have reviewed the cases but do not believe the facts are sufficiently analogous to support a holding the arguments in the instant case constituted plain error. (*People v. Smothers*, 55 Ill. 2d 172, 302 N.E.2d 324.) In the instant case in light of the entire record we cannot hold as a matter of law that the cited portions of the State's argument were so highly inflammatory and prejudicial as to materially affect the jury's verdict.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.