(No. 40996.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOHN ROBERT DIEFENBAUGH, Appellant.

*Opinion filed May 29, 1968.*

TERRENCE L. VOGEL, of Danville, appointed by the
court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN P. O'ROURKE, State's Attorney, of Danville,
(FRED G. LEACH, Assistant Attorney General, of counsel,)
for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion
of the court:

On February 21, 1958 the defendant, John Robert
Diefenbaugh, pleaded guilty in the circuit court of Ver-
milion County to charges of burglary and larceny. On
March 18, 1958, he was sentenced to a term of not less than
30 years nor more than life in the penitentiary. More than
8½ years later on November 18, 1966, he filed a *pro se*
petition under the Post-Conviction Hearing Act in the
trial court. Counsel was subsequently appointed to repre-
sent him, and on February 17, 1967, an amended petition
for a post-conviction hearing was filed, which petition was
further amended on July 20, 1967. The petition as amended

was dismissed upon motion by the State on the ground that it was not filed within five years of the conviction and that petitioner was not free from culpable negligence in failing to properly institute proceedings. Defendant appeals from that order of dismissal.

The law applicable to post-conviction proceedings at the time of defendant's conviction provided that "No proceeding under this Act shall be commenced more than five years after rendition of final judgment * * * unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat. 1957, chap. 38, par. 826; see *People* v. *Lansing,* 35 Ill.2d 247.) Defendant concedes that his original petition was not filed within the statutory period but urges that the delay was not due to his culpable negligence.

Defendant's petition as amended set forth three reasons allegedly excusing him from culpability: that he had completed only six grades of school and was not aware of the law regarding post-conviction proceedings; that he was incarcerated during the statutory five-year period and did not have sufficient funds with which to retain an attorney; and that counsel was not appointed for him until after the statute of limitations had run. None of these reasons are sufficient to demonstrate a lack of culpable negligence on the part of the petitioner and he does not rely upon them on this appeal. He now argues that the delay in filing his petition was due to the failure of the trial court to respond to his repeated requests for a transcript of the proceedings and that, therefore, he himself was guilty of no culpable negligence.

As we have pointed out, the defendant was convicted in March of 1958. The record shows that on July 1, 1958, the defendant filed a petition in the form of a letter with the circuit clerk of Vermilion County requesting certain records and transcripts. This petition was denied by the court, on the State's motion, as insufficient. The defendant there-

after filed a motion and petition requesting a transcript of the proceedings in February, 1960. The disposition of this petition is not shown by the record. A third request for a transcript was filed by petitioner in February, 1963. Again the record shows no disposition of this motion.

In the interim a writ of error was issued and a transcript of proceedings was furnished defendant and filed in this court on June 29, 1962, in *People* v. *Diefenbaugh,* Docket No. 36637. The writ of error was subsequently dismissed.

Even if we were to accept petitioner's assertion that he was diligent in his attempt to obtain another copy of the transcript from the trial court to prepare his post-conviction petition, we cannot accept his argument that such diligence justified his failure to file a petition for post-conviction relief within five years from the judgment of conviction.

The purpose of the Post-Conviction Hearing Act is to provide a remedy for any person who is imprisoned in the penitentiary in violation of his constitutional rights. (*People* v. *Jennings,* 411 Ill. 21.) The Act provides in section 1 (par. 826) that in order to invoke these proceedings it is only necessary that a defendant file a petition verified by affidavit asserting that a substantial denial of constitutional rights had occurred. If, as here, a defendant believed that a transcript was essential to the proper presentation of his cause, he had only to assert in his petition that he was unable to pay the cost of the proceeding and the court could order that he be permitted to proceed as a poor person. (Ill. Rev. Stat. 1957, chap. 38, par. 829.) Thereafter the court could have taken such action as might be required to afford defendant a full hearing.

A mere allegation that he was unable to obtain a second trial-court transcript does not establish his freedom from culpable negligence in failing to file his petition within the required time designated by statute.

Defendant further urges that the statutory time limit

should be considered tolled from the date a defendant requests a transcript until he receives it. Defendant cites, and we find, absolutely no support for this contention. Since the lack of a transcript does not excuse a defendant from filing his petition for post-conviction relief within the statutory time limit, it would be inconsistent to hold that the time limit is tolled by a request for such a transcript.

We find that petitioner has failed to establish that he was free from culpable negligence in failing to file his petition for post-conviction relief within five years after final judgment. Accordingly, the judgment of the circuit court of Vermilion County is affirmed.

*Judgment affirmed.*