(No. 42261.—

THE PEOPLE OF THE · STATE OF ILLINOIS, Appellee, *vs.*
WALTER MONTGOMERY, Appellant.

*Opinion filed March 24, 1970.*

FREDERICK F. COHN, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Walter Montgomery was indicted for murder, two counts of rape, and assault with intent to commit rape. Counsel was appointed and defendant pleaded not guilty. Following a jury determination that he was competent to stand trial, defendant changed his pleas to guilty and was sentenced on February 28, 1958. He now appeals the judgment of the circuit court of Cook County, which dismissed his amended post-conviction petition first filed *pro se* on July 25, 1968.

At the time of Montgomery's conviction, the limitation period for filing petitions under the Post-Conviction Hearing Act was five years, "unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat. 1957, ch. 38, par. 826.) The effect of that limitation has not been changed by the subsequent amendment (Ill. Rev. Stat. 1965, ch. 38, par. 122—1,) which extends the time for filing to twenty years. (*People* v. *Reed*, 42 Ill.2d 169.) Montgomery's petition alleged that his delay in filing was due to mental illness, and in support of this contention the petition included the reports of various psychiatrists regarding defendant's mental condition during incarceration. The judge presiding over the post-conviction proceedings indicated that the mental condition

96

revealed in the records did not in his opinion satisfactorily excuse Montgomery's delay in filing his petition; nevertheless, the judge gave consideration to the merits of the petition and apparently based the dismissal thereon. The threshhold issue before this court must in any event be whether Montgomery was barred from proceeding under the Act by virtue of his extended delay in filing, since no relief may be granted on the merits unless the petition is cognizable under the statute.

We have carefully examined the several psychiatric classification reports, and "special progress" reports which Montgomery presents to excuse his long delay in filing under the Act. The reports generally indicate a condition of mental disturbance, but it does not appear that defendant was incapable of exercising reasonable diligence in his pursuit of relief, and thus we do not find a sufficient showing that defendant's delay was due to causes other than his culpable negligence. We are therefore of the opinion that the petition for relief was properly dismissed, without further hearings, under the applicable limitations provision. See generally *Withers v. People,* 23 Ill.2d 131.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*