THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ALONZO HARRISON, a/k/a ALPHONZO HARRISON, Petitioner-Appellant.

(No. 61237;

First District (2nd Division)—September 16, 1975.

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM (Before Downing, P. J., Stamos and Leighton, JJ.):

Alonzo Harrison, a/k/a Alphonzo Harrison, petitioner, was convicted on March 12, 1959, upon his plea of guilty of the crime of assault with attempt to commit robbery. He was sentenced to a term of one to three years. Petitioner did not appeal that conviction.

On August 26, 1974, petitioner filed a *pro se* post-conviction petition in which he alleged that his plea of guilty was involuntary in that it was based upon an unfulfilled promise by appointed counsel and the Assistant State's Attorney that if he entered a plea of guilty he would receive probation or a suspended sentence. Attached to the petition was petitioner's affidavit in which he set out the factual circumstances underlying this allegation. The State filed a motion to dismiss the *pro se* post-conviction petition on the ground that it was barred by the five-year statute of limitations. An additional affidavit was subsequently filed in which petitioner stated that he had not previously filed a post-conviction petition and that he was not advised that he could appeal and knew nothing about appellate procedures. On October 22, 1974, upon motion of the State, the trial court dismissed the *pro se* post-conviction petition without an evidentiary hearing.

Petitioner wished to appeal the dismissal of his *pro se* post-conviction petition and the State Appellate Defender was appointed to represent him. After examining the record, the State Appellate Defender has filed a motion in this court for leave to withdraw as appellate counsel. The motion is supported by a brief pursuant to the requirements of *Anders v. California*, 386 U.S. 738. The brief states that the only possible argument which could be raised on appeal is that the trial court erred in granting the State's motion to dismiss the *pro se* post-conviction petition without an evidentiary hearing. The brief concludes that an appeal on this issue would be wholly frivolous and without merit. Petitioner was mailed copies of the motion and brief on May 27, 1975. He was informed that he had until July 26, 1975, to file any additional points he might choose in support of his appeal. Petitioner has not responded.

However, after filing a notice of appeal but prior to this court's letter, petitioner filed a "Petition in Error or Docketing Statement." We have chosen to consider this document as a response to this court.

■■ The motion and brief of the State Appellate Defender state that the only possible argument which could be raised on appeal is that petitioner's *pro se* post-conviction petition was improperly dismissed by

the trial court without an evidentiary hearing. Petitioner was originally convicted on March 12, 1959. At that time the Illinois Post-Conviction Hearing Act provided for a five-year statute of limitations unless facts were alleged showing that the delay was not due to petitioner's culpable negligence (Ill. Rev. Stat. 1959, ch. 38, par. 826). This section of the Act providing for a five-year statute of limitations was amended in 1965 to extend the period to twenty years (Ill. Rev. Stat. 1965, ch. 38, par. 122—1). However, this amendment does not apply retroactively. *People v. Thomas*, 45 Ill.2d 68, 256 N.E.2d 794; *People v. Reed*, 42 Ill.2d 169, 246 N.E.2d 238.

■■ In the case at bar, petitioner did not file his post-conviction petition until 15 years after his conviction. Petitioner clearly did not file his petition within the applicable statute of limitations and his affidavit stating that he was not advised of his right to appeal, did not know that he could appeal and had no money for an attorney was insufficient to demonstrate a lack of culpable negligence. (*People v. Diefenbaugh*, 40 Ill.2d 73, 237 N.E.2d 512; *People v. Lansing*, 35 Ill.2d 247, 220 N.E.2d 218.) Accordingly, we conclude that the trial court properly dismissed the *pro se* post-conviction petition without an evidentiary hearing.

In his response to this court, petitioner states he is presently incarcerated in the State of Oklahoma, where he is serving a life sentence for the crime of murder. Petitioner argues that his plea of guilty to the charge of assault with intent to commit robbery was involuntary in that it was predicated upon a promise of his appointed counsel and the Assistant State's Attorney that upon a plea of guilty he would not be sentenced to imprisonment. This is the same argument petitioner raised in his *pro se* post-conviction petition. As we have noted earlier in this opinion, petitioner failed to file his post-conviction petition within the applicable statute of limitations and his petition was, therefore, properly dismissed without an evidentiary hearing.

In his response petitioner also states that he has four Illinois misdemeanor convictions dating from 1953 to 1957. Petitioner argues that all four of these convictions are void in that he did not have counsel at the time of trial. Even if we were to consider this issue properly raised, it is without merit. The Illinois Supreme Court has recently, under its supervisory jurisdiction, created a remedy in the nature of a post-conviction petition for a defendant convicted of a misdemeanor who asserts that in proceedings which resulted in his conviction there was a substantial denial of his constitutional rights. (*People v. Warr*, 54 Ill.2d 487, 298 N.E.2d 164.) However, the proceedings must be commenced within four months following the rendition of a final judgment if the judgment was entered upon a plea of guilty and within six months after

the rendition of the final judgment if the judgment followed a trial upon a plea of not guilty. Clearly, defendant's petition was not filed within the appropriate period.

■■ We have examined the record and concur in the opinion of the State Appellate Defender that the argument thus raised is not arguable on its merits and is wholly frivolous. Similarly, the arguments raised by petitioner in his response to this court are without merit. Our independent examination of the record does not disclose any additional possible grounds for an appeal which are also not frivolous.

Accordingly, the motion of the State Appellate Defender to withdraw as counsel on appeal is allowed and the judgment of the circuit court of Cook County is affirmed.

Motion allowed; judgment affirmed.