(No. 65057.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FRANK BATES, Appellee.

*Opinion filed June 20, 1988.*

82

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Roma Jones Stewart, Solicitor General, Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, and Thomas V. Gainer, Jr., Steven J. Zick, Kenneth T. McCurry, James E. Fitzgerald and Nancy A. Donahoe, Assistant State's Attorneys, all of Chicago, of counsel), for the People.

Paul P. Biebel, Jr., Public Defender, and Zaven Peter Tokatlian and Ronald P. Alwin, Assistant Public Defenders, of Chicago, for appellee.

JUSTICE RYAN delivered the opinion of the court:

The State brings this appeal from a decision of the appellate court, which, by a Rule 23 order (107 Ill. 2d R. 23), reversed the circuit court of Cook County's dismissal of the defendant's petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 et seq.). 152 Ill. App. 3d 1163 (unpublished order under Supreme Court Rule 23).

Defendant was convicted of murder on December 13, 1972, and sentenced to 25 to 75 years' imprisonment. His conviction was affirmed by the appellate court (People v. Bates (1975), 25 Ill. App. 3d 748), and this court denied leave to appeal.

At the time of the defendant's conviction, the post-conviction statute then in effect included a 20-year limitation period. (Ill. Rev. Stat. 1971, ch. 38, par. 122—1.) On January 1, 1984, an amendment to the Post-Conviction Hearing Act took effect, which shortened the limita-

tion period to 10 years. Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1.

On February 6, 1984, the defendant filed a *pro se* petition for post-conviction relief. This filing took place just over 11 years after the defendant's conviction, and approximately 5 weeks after the new 10-year limitation period became effective. The circuit court applied the new limitation period and, accordingly, dismissed the petition as untimely.

The appellate court, first district, reversed and remanded to the circuit court for an evidentiary hearing. The court held that when limitation statutes are shortened so as to instantaneously bar petitions which fall outside the new time period, persons affected must be given a reasonable time within which to file. We granted the State's petition for leave to appeal. 107 Ill. 2d R. 315.

The limitation provision in section 122—1 of the Code of Criminal Procedure of 1963 provides as follows:

"No proceedings under this Article shall be commenced more than 10 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1.)

The preamendment provision was identical, except that the limitation period specified was 20 years.

The first question we must address is whether the shortened limitation period may be applied retroactively to convictions which occurred prior to its enactment. The appellate court held that it may, relying upon *People v. Robinson* (1986), 140 Ill. App. 3d 29. We agree with that conclusion and, as discussed below, largely adopt the *Robinson* approach to this issue.

The logical starting point for our analysis is *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342. In that case, an amendment had reduced the time period for filing an

action under the Dramshop Act, and this court considered whether the amendment could be applied retroactively. In answering that question affirmatively, several principles were stated which are of relevance here.

First, this court noted that the legislature, having created rights of action under the Dramshop Act, had the corresponding power to repeal those rights. In other words, persons had no "vested" rights in statutory remedies. (4 Ill. 2d at 346.) Moreover, the power to repeal statutory enactments includes the lesser power to impose or modify time limitations for bringing actions under such acts. (4 Ill. 2d at 353.) Finally, it was noted that statutes of limitation have historically been classified as procedural in character, and that procedural amendments are generally applied retroactively. 4 Ill. 2d at 352-53, citing, *e.g., Smolen v. Industrial Comm'n* (1926), 324 Ill. 32; *McQueen v. Connor* (1944), 385 Ill. 455.

The principles in *Orlicki* have been reiterated in a number of subsequent decisions. (See, *e.g., Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223 (Ryan, C.J., concurring).) They are also in accord with accepted law in other jurisdictions. See 2A A. Sutherland, Statutory Construction §41.09, at 281 (4th ed. 1986).

The defendant argues, however, that these rules should not apply in the case of amendments to the Post-Conviction Hearing Act. He points to a series of cases in which we refused retroactive application of an amendment to the Act which *lengthened* the period of limitation. *E.g., People v. Lansing* (1966), 35 Ill. 2d 247.

However, the decision in *Lansing* was not based upon any peculiar aspect of the Post-Conviction Hearing Act which would bar retroactive application of amendments to it, but rather on more general principles of statutory interpretation.

In *Lansing*, the defendant's conviction occurred while the limitation period under the Act was five years. He filed a petition under the Act approximately 5½ years later, which was dismissed as untimely. During the pendency of his appeal, the limitation period was extended to 20 years, and the defendant argued that the amendment should apply retroactively to preserve his claim. In rejecting this contention, this court quoted the following language:

> " 'In most jurisdictions the general rule is laid down, without exception or qualification, that, after an action has become barred by an existing Statute of Limitations, no subsequent legislation will remove the bar or revive the cause of action.' " (35 Ill. 2d at 250, quoting Annot., 67 A.L.R. 297, 298 (1930).)

The court further quoted Justice Cardozo, who stated:

> " 'Revival is an extreme exercise of legislative power. The will to work it is not deduced from words of doubtful meaning. Uncertainties are resolved against consequences so drastic.' " 35 Ill. 2d at 250, quoting *Hopkins v. Lincoln Trust Co.* (1922), 233 N.Y. 213, 215, 135 N.E. 267, 267.

Thus, our cases, and cases from other jurisdictions, have drawn a distinction between the revival of a cause of action by extending the statute of limitations, and cutting off a cause of action by shortening the limitation period. The denial of retroactive application in the former instance does not preclude such application in the latter. (See also *People v. Reed* (1969), 42 Ill. 2d 169; *People v. Thomas* (1970), 45 Ill. 2d 68.) We therefore conclude that the shortened period as contained in the amendment should apply retroactively to the defendant's petition.

The defendant's final contention is that even if the new, shortened limitation period applies, he nonetheless is entitled to a reasonable time after its effective date within which to bring his action. This argument is based

upon language from other cases considering the effect of retroactive application of amendments shortening limitation periods.

For example, in *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, we considered whether an amendment adding a limitation period to a zoning ordinance where no limitation had previously existed could apply retroactively. This court stated:

> "So long as a reasonable time exists for the presentation of a claim after enactment of a statute shortening the time in which suit may be brought, the legislature may validly shorten the time as to pre-existing causes of action." 52 Ill. 2d at 359.

More recently, we applied these principles to an amendment which shortened the period of repose for bringing medical malpractice actions. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416.) We stated:

> "Under the general rule, in the wake of a statute shortening a limitations period or providing one where one did not exist previously, a plaintiff whose cause of action arose before that date will be allowed a reasonable period of time in which to bring his action." 111 Ill. 2d at 420, citing *Hupp v. Gray* (1978), 73 Ill. 2d 78; *Meegan*, 52 Ill. 2d 354; *Trustees of Schools v. Batdorf* (1955), 6 Ill. 2d 486.

The thrust of these decisions is that shortened statutes of limitations, even if retroactive, will not be applied to bar instantaneously an existing right of action. The "reasonable time" rule is a judicially created "safety valve" which prevents that result from occurring. Thus, defendant argues that he is at least entitled to a determination whether his petition was filed within a reasonable time after the effective date of the amendment.

There is, however, an important distinction between the limitation provision at issue here and the statutes interpreted in cases such as *Meegan*, *Mega* and *Hupp*. The

limitation provision in the Post-Conviction Hearing Act provides that no action may be brought more than 10 years after rendition of final judgment, "unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1.) The limitations statutes involved in the other cases discussed do not contain such a qualification. In our judgment, this language creates a special "safety valve," unique to the Post-Conviction Hearing Act, which acts as a substitute for the judicially imposed "reasonable time" rule.

Under this view, the defendant's cause of action was not instantaneously barred by the enactment of the shortened limitation period. To avoid its effect, he need only have alleged facts justifying the delay in filing. Because his petition was not accompanied by any such allegations, we find that his petition must be dismissed as untimely.

We note that this interpretation, while admittedly not benefitting this defendant, could conceivably provide a more expansive right to post-conviction relief than a "reasonable time" rule might. Under this rule, lengthy delays which would likely be rejected as unreasonable, may be excusable if supported by adequate factual allegations.

It is appropriate here to note that *Meegan*, *Hupp* and *Mega* were decided prior to the latest statutory amendment relating to the effective date of laws. Our constitution directs the General Assembly to provide by law for a uniform effective date for laws passed prior to July 1 of a calendar year. (Ill. Const. 1970, art. IV, §10.) Pursuant to this constitutional mandate, the legislature enacted, and the Governor signed, a bill which provided that a law passed prior to July 1 of a calendar year, and after June 30, 1971, shall become effective on October 1 following its becoming law, unless, by its terms, it spe-

cifically provides for a different effective date. (Ill. Rev. Stat. 1971, ch. 131, par. 21.) This is the statute which governed the effective date of the amendments considered in *Hupp* and *Mega*. Thus, without the judicially created "reasonable time" rule, the amendment considered in those cases could terminate rights a scant three months after its passage and a shorter period of time after it became law, that is, the date on which the Governor signed the amendatory bill. (See Ill. Const. 1970, art. IV, §9.) A bill becomes a law pursuant to sections 8 and 9 of article IV of the Constitution. (Ill. Rev. Stat. 1985, ch. 1, par. 1205.) "It therefore is important not to confuse the date on which the bill 'becomes a law' with the date on which that law becomes effective; the two need not coincide." *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 128.

In 1978, the legislature amended the statute relating to the effective date of laws. It is now provided by that amendment that a bill passed prior to July 1 of a calendar year that does not provide for an effective date in its terms shall become effective on January 1 of the following year, or upon its becoming law, whichever is later. (Ill. Rev. Stat. 1985, ch. 1, par. 1201.) Thus the amendment to the Post-Conviction Hearing Act shortening the time to 10 years within which a petition must be filed did not become effective until six months after its passage and a somewhat shorter period after it became law, depending upon when the Governor signed the amendatory act. The defendant here then had three months longer after the passage of the amendment and before its effective date within which to act to protect interests that may be affected by the amendment than the parties did in *Hupp* and *Mega*. The reason for the judicially created "reasonable time" safety valve alluded to in *Hupp* and *Mega* is not as compelling now as it was under the laws involved in those cases.

For all the above reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court of Cook County.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE CLARK, dissenting:

As the majority properly notes, our court has consistently upheld the retroactive application of a shortened statute of limitations as long as potential litigants are allowed a "reasonable time" in which to bring an action following enactment of a statute. (*Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354; *Hupp v. Gray* (1978), 73 Ill. 2d 78.) However, while acknowledging our court's past position, this court today negates the right of the defendant to rely on it. The court's reasoning is based on the tenuous proposition that the "culpable negligence" safety valve in the post-conviction statute is an adequate substitute for the "reasonable time" standard. Indeed, the majority contends that reliance on the culpable negligence standard "could conceivably provide a more expansive right to post-conviction relief than a 'reasonable time' rule might" (124 Ill. 2d at 88), although the majority offers no support for this belief.

Review of the pertinent case law indicates the utter fallacy inherent in the majority's reasoning. My research failed to find even one appellate or supreme court case in which a post-conviction petition was allowed based on a "showing that the delay was not due to *** culpable negligence." Ill. Rev. Stat. 1985, ch. 38, par. 122—1.

In *People v. Reed* (1969), 42 Ill. 2d 169, the allegation of "numerous errors" was not enough "to show that failure to file the petition was not the result of culpable negligence." (42 Ill. 2d at 172.) *People v. Diefenbaugh* (1968), 40 Ill. 2d 73, held that the *pro se* defendant was not excused from culpability despite the fact that at the

trial court level he specifically offered the following three reasons for delay in filing: (1) he had only a sixth-grade education and was not aware of the law regarding post-conviction proceedings; (2) he was in jail and had no available funds with which to retain an attorney; and (3) counsel was not appointed until after the statute of limitations had run. (40 Ill. 2d at 74.) Our court indicated that "[n]one of these reasons are sufficient to demonstrate a lack of culpable negligence" (40 Ill. 2d at 74), before it also went on to find that failure of the trial court to respond to documented repeated requests for transcripts of proceedings was not enough to show a lack of culpable negligence on the part of the defendant (40 Ill. 2d at 75).

The question of what is sufficient proof to show a lack of culpable negligence was again before our court in *People v. Montgomery* (1970), 45 Ill. 2d 94. The defendant in *Montgomery* offered verification of his mental illness to support his contention that he was not culpably negligent and therefore should be allowed to file his petition for a post-conviction hearing. Despite our court's review of several psychiatric reports which "indicate[d] a condition of mental disturbance" (45 Ill. 2d at 96), the dismissal of the defendant's petition was affirmed because there was "not *** a sufficient showing that defendant's delay was due to causes other than his culpable negligence" (45 Ill. 2d at 96).

As these cases indicate, the criteria necessary to show a lack of "culpable negligence" have been construed quite narrowly. I see no reason to depart from our prior positions on both the "reasonable time" standard and the "culpable negligence" standard. To deny the defendant in the instant case his reliance on the "reasonable time" standard because "he need only have alleged facts justifying the delay in filing" (124 Ill. 2d at 88) is to patently misstate the scope of our prior holdings. The

majority's "culpable negligence" substitute is no substitute at all.

Additionally, I note that the majority indicated this court's adoption of the appellate court approach in *People v. Robinson* (1986), 140 Ill. App. 3d 29. (124 Ill. 2d at 84.) I find this puzzling because that decision, while it noted our court's prior holdings upholding the retroactive application of a shortened statute of limitations, denied the defendant's late post-conviction hearing petition only because it was not filed within a "reasonable time" after the statute was amended to shorten the statute of limitation.

I find no justification for the majority's departure from our well-accepted "reasonable time" standard. Because defendant's petition was filed within five weeks of the effective date of the amended statute, I would remand to the circuit court for a post-conviction hearing. I therefore respectfully dissent and would affirm the unanimous holding of the appellate court.

JUSTICE STAMOS joins in this dissent.