THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN JOSEPH VILLANUEVA, Defendant-Appellant.

Fourth District   No. 4—88—0103

Opinion filed September 30, 1988.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield,
for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and
Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Of-
fice, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:
Defendant appeals from the judgment of the circuit court of
Champaign County dismissing his petition under the Post-Conviction
Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*).
On October 6, 1972, defendant entered a plea of guilty on a bur-
glary charge. On October 25, 1972, defendant was sentenced to a
term of three years' probation. At that time, the post-conviction stat-
ute in effect included a 20-year limitation period. Ill. Rev. Stat. 1971,
ch. 38, par. 122—1.
On January 1, 1984, an amendment to the Post-Conviction Hear-
ing Act took effect, which shortened the limitation period to 10 years.
(Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1; 1983 Ill. Laws 4404,
4405.) On January 13, 1987, the defendant filed a *pro se* petition for

post-conviction relief. This filing took place over 14 years after the entry of judgment on defendant's guilty plea and over 3 years after the new 10-year limitation period became effective. The circuit court applied the new limitation period and, accordingly, dismissed the petition as untimely. Defendant filed a motion for reconsideration, which the court denied, and this appeal followed.

This court in *People v. Robinson* (1986), 140 Ill. App. 3d 29, 487 N.E.2d 1264, held the shortened 10-year limitation period may be applied retroactively to convictions which occurred prior to its enactment. The supreme court largely adopted the *Robinson* approach to this issue in *People v. Bates* (1988), 124 Ill. 2d 81, distinguishing the limitation provision in the post-conviction statute from those in statutes interpreted in civil cases, stating as follows:

"The limitation provision in the Post-Conviction Hearing Act provides that no action may be brought more than 10 years after rendition of final judgment, 'unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.' (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—1.) The limitations statutes involved in the other cases discussed do not contain such a qualification. In our judgment, this language creates a special 'safety valve,' unique to the Post-Conviction Hearing Act, which acts as a substitute for the judicially imposed 'reasonable time' rule.

Under this view, the defendant's cause of action was not instantaneously barred by the enactment of the shortened limitation period. To avoid its effect, he need only have alleged facts justifying the delay in filing. \*\*\*

We note that this interpretation, while admittedly not benefitting this defendant, could conceivably provide a more expansive right to post-conviction relief than a 'reasonable time' rule might. Under this rule, lengthy delays which would likely be rejected as unreasonable, may be excusable if supported by adequate factual allegations." (*Bates*, 124 Ill. 2d at 87-88.)

Here, defendant purports to have alleged such facts justifying the delay in filing, *i.e.*, this conviction is now being used to enhance a sentence imposed in Tennessee.

Defendant's *pro se* post-conviction petition alleged that in accepting his plea of guilty to the charge of burglary, the trial court failed to admonish him of his privilege against self-incrimination as enumerated in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. Supreme Court Rule 402 (see 107 Ill. 2d R. 402), dealing exclusively with pleas of guilty, was added to the rules in 1970, replac-

ing former Rule 401 which, prior to 1970, addressed the procedure on pleas of guilty. (See Ill. Ann. Stat., ch. 110A, par. 402, Historical and Practice Notes, at 396 (Smith-Hurd 1985).) Paragraph (a) of Rule 402 sets forth the admonitions which must be given to the defendant to ensure that his guilty plea is intelligently and understandingly made, as required in *Boykin*. "Subparagraphs (3) and (4) cover the requirements enumerated in *Boykin*, namely, that the record on a guilty plea affirmatively show a waiver of 'three important federal rights': the privilege against self-incrimination; the right to trial by jury; and the right to confront one's accusers." (107 Ill. 2d R. 402, Committee Comments, at 487; Ill. Ann. Stat, ch. 110A, par. 402, Committee Comments, at 394-95 (Smith-Hurd 1985).) Subparagraphs (3) and (4) provide:

"(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." (107 Ill. 2d Rules 402(a)(3), (a)(4).)

The record on appeal contains the docket entry of the October 6, 1972, proceeding, which shows the defendant was admonished pursuant to Rule 402, including the admonitions set forth in Rules 402(a)(3) and (a)(4). In his February 1988 motion for reconsideration, defendant argued that under *Burgett v. Texas* (1967), 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258, his conviction can be collaterally attacked at any time and his late filing should be excused because the Illinois conviction herein has been used to enhance a sentence imposed in Tennessee to imprisonment for life as an habitual criminal. *Burgett* is inapposite to the issue before us.

We conclude the allegations of defendant's petition for post-conviction relief are insufficient to show the delay was not due to the culpable negligence of defendant, within the meaning of section 122—1 of the Post-Conviction Hearing Act. (*Bates*, 124 Ill. 2d at 90-91, (Clark, J. dissenting, citing *People v. Reed* (1969), 42 Ill. 2d 169, 246 N.E.2d 238, *People v. Diefenbaugh* (1968), 40 Ill. 2d 73, 237 N.E.2d 512, and *People v. Montgomery* (1970), 45 Ill. 2d 94, 256 N.E.2d 802).) Accordingly, we find the defendant's post-conviction petition was properly dismissed as untimely under the culpable negligence standard of section 122—1.

Further, this court in *People v. Collins* (1987), 161 Ill. App. 3d 285, 288, 514 N.E.2d 499, 501, stated:

"While [section 122—1 of the Post-Conviction Hearing Act] has been interpreted as applying not only to those imprisoned but to those who are deprived of liberty in some meaningful way (*People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 299-300, 489 N.E.2d 1356, 1358), it has not been applied to those whose sentence is completed at the time they file their post-conviction petition and historically post-conviction relief was not available in such circumstances. (See *People v. Dale* (1950), 406 Ill. 238, 246-47, 92 N.E.2d 761, 766.) *** Later sentence enhancement is not a meaningful deprivation of liberty entitling defendant to the avenue of post-conviction relief provided in section 122—1 of the Code."

Defendant's term of probation expired before the petition herein was filed. Hence, he was not entitled to relief under the Post-Conviction Hearing Act in any event.

Affirmed.

GREEN, P.J., and SPITZ, J., concur.