978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John J. VILLANUEVA, Petitioner-Appellant,
v.
STATE of Illinois, Respondent-Appellee.
 No. 91-1780.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 8, 1992.
Decided Oct. 23, 1992.
 
 Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 John Villanueva, an inmate confined at Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee, appeals from the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.
 
 A. HISTORY
 
 2
 In October 1972, Mr. Villanueva pleaded guilty to burglary in Champaign County, Illinois, and was sentenced to a three-year term of probation. Five years later, in July 1987, Mr. Villanueva was convicted of robbery in Jefferson County, Tennessee, and sentenced as a habitual offender to life in prison. The 1972 Illinois burglary conviction was used to enhance this sentence.
 
 
 3
 In December 1987, Mr. Villanueva petitioned for post-conviction relief in Illinois state court, contending that the 1972 burglary conviction was invalid. The Circuit Court for Champaign County dismissed the petition as untimely, and the Fourth District Appellate Court affirmed. State v. Villanueva, 529 N.E.2d 87 (Ill.App.Ct.1988). The Supreme Court denied leave to appeal.
 
 
 4
 In March 1991, while in Tennessee state prison, Mr. Villanueva filed this petition in the Central District of Illinois, naming the State of Illinois as the sole respondent and seeking to challenge the enhancement of his 1978 Tennessee conviction. In the petition, Mr. Villanueva alleged that his plea of guilty to burglary was obtained involuntarily and in violation of his Fifth Amendment privilege against self-incrimination. See Boykin v. Alabama, 395 U.S. 238 (1969). The district court dismissed the petition for lack of subject matter jurisdiction, holding that Mr. Villanueva was not "in custody" under the 1972 Illinois conviction. 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488 (1989). This appeal followed.
 
 B. DISCUSSION
 
 5
 Although neither party raised the issue, we must decide whether the district court correctly asserted jurisdiction over the State of Illinois, the only party named as a respondent in this action. Joyce v. Joyce, No. 91-1310, slip op. at 5 (7th Cir. Sept. 17, 1992). We conclude that it did not. Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal court by its own citizens and by citizens of another state. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). In order to waive its immunity, a state must give an "unequivocal indication" that it consents to be sued in federal court. Id. There was no such indication here. As a result, the Eleventh Amendment barred Mr. Villanueva's claims against Illinois, and it must be dismissed from the litigation.
 
 
 6
 Even if the Eleventh Amendment posed no bar, we still would affirm the district court's decision because the proper respondent for purposes of obtaining habeas corpus relief is the warden of the Southeastern Tennessee State Regional Correctional Facility, Mr. Villanueva's current custodian. Lowery v. McCaughtry, 954 F.2d 422, 422 (7th Cir.1992). For this reason, the Central District of Illinois had no jurisdiction to consider his petition. Only the appropriate federal district in Tennessee does. Marks v. Rees, 715 F.2d 372, 375 (7th Cir.1983). The judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.