THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARLO PERRY, Defendant-Appellant.

First District (6th Division) No. 1—95—3659

Opinion filed November 7, 1997.

114

ZWICK, J., dissenting.

Michael J. Pelletier, of State Appellate Defender's Office, and Gary Ravitz, both of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and Kay Hanlon, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

This is an appeal from an order of the circuit court dismissing the *pro se* petition of defendant Arlo Perry (Perry) for postconviction relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1994)). In dismissing the untimely filed petition, the circuit court determined Perry's delay in filing was not excused under the Act's "culpable negligence" standard. On appeal, Perry alleges dismissal of his petition was improper for two reasons: (1) the circuit court erroneously failed to consider the issue of Perry's lack of culpable negligence, and (2) Perry's factual allegations established that his delay in filing was excusable. We disagree.

Perry was convicted of murder in 1986. Approximately 30 days later on November 13, 1986, he was sentenced to a 34-year prison term. His conviction and sentence were affirmed on direct appeal. *People v. Perry*, 183 Ill. App. 3d 534, 540 N.E.2d 379 (1989). On October 19, 1992, Perry filed a *pro se* postconviction petition alleging various violations of his constitutional rights. The State moved to dismiss the petition as untimely based on the relevant statute of limitations, which provides that a postconviction petition cannot be filed more than three years after conviction or more than six months after denial of a petition for leave to appeal, whichever is later, unless the petitioner can allege facts showing the delay was not caused by his own culpable negligence. 725 ILCS 5/122—1 (West 1992).

Perry responded by filing an affidavit stating his failure to file within the statutory period was based, in part, on his reliance on a prisoner handbook, which listed 10 years as the time period in which a postconviction petition could be filed. In his affidavit, Perry stated he came to the Illinois Department of Corrections at Menard in December of 1986. He further claimed:

"I was given a book upon entering the 'IL.dept.of.corr.' sentencing problems and related issues'. A handbook for illinois prisoners' [*sic*]."

A copy of the relevant page of the handbook was attached to the affidavit. Perry also alleged in his affidavit that the constant lockdown at his prison limited his access to the prison's law library so as to excuse his failure to discover the change in the statute of limitations and his noncompliance with it. Perry's affidavit included an attachment providing dates of the lockdown. After a hearing, the court granted the State's motion to dismiss, finding the defendant failed to file his petition within the statutory period. Perry contends the trial court erred by dismissing the petition.

■ The statute of limitations for postconviction petitions was changed, effective January 1, 1992, from 10 years to 3 years from the date the prisoner was found guilty or six months from the date for leave to appeal. 725 ILCS 5/122—1 (West 1992). Perry concedes his petition of October 19, 1992, was filed outside the statutory period, but he asserts he was not culpably negligent in failing to comply. We review the demonstration of culpable negligence under the Post-Conviction Hearing Act *de novo.*

As the supreme court explained in *People v. Bates*, 124 Ill. 2d 81, 88, 529 N.E.2d 227, 230 (1988), the Post-Conviction Hearing Act contains a unique statutory " 'safety valve' *** which acts as a substitute for the judicially imposed 'reasonable time' rule" generally used to determine the effect of shortened limitations periods. See *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 420, 490 N.E.2d 665, 667 (1986). The Act enables petitioners to avoid the effect of the shortened limitations period by showing their delay in filing was not due to culpable negligence. *Bates*, 124 Ill. 2d at 88, 529 N.E.2d at 230. To demonstrate the absence of culpable negligence, petitioners must allege facts justifying the delay. *Bates*, 124 Ill. 2d at 88, 529 N.E.2d at 230.

Freedom from culpable negligence is very difficult to establish. *People v. Montgomery*, 45 Ill. 2d 94, 256 N.E.2d 802 (1970); *People v. Diefenbaugh*, 40 Ill. 2d 73, 237 N.E.2d 512 (1968); *People v. Villanueva*, 174 Ill. App. 3d 791, 529 N.E.2d 87 (1988); *People v. Harrison*, 32 Ill. App. 3d 641, 336 N.E.2d 143 (1975). For example, in *Diefenbaugh*, the petitioner alleged five separate, specific facts to support the claim that his delay was not due to culpable negligence: (1) he had completed only six grades of school; (2) he was incarcerated during the five-year statutory period applicable at that time; (3) he did not know what the law was; (4) he could not afford an attorney; and (5) he was not given appointed counsel until after the limitations pe-

riod expired. *Diefenbaugh*, 40 Ill. 2d at 74, 237 N.E.2d at 513. Faced with these facts, the supreme court determined petitioner's delay was not excusable and stated "[n]one of these reasons are sufficient to demonstrate a lack of culpable negligence on the part of the petitioner and he does not rely upon them on this appeal." *Diefenbaugh*, 40 Ill. 2d at 74, 237 N.E.2d at 513.

Applying the culpable negligence standard again in *Montgomery*, the supreme court refused to excuse petitioner's untimely filing despite his submission of psychiatric reports, which the court found "generally indicate a condition of mental disturbance." *Montgomery*, 45 Ill. 2d at 96, 256 N.E.2d at 803. However, in concluding that petitioner had failed to establish that he was not culpably negligent, the court noted petitioner previously had been determined competent to stand trial. Moreover, the court "carefully examined the several psychiatric classification reports, and 'special progress' reports" and only then determined "it does not appear that defendant was incapable of exercising reasonable diligence in his pursuit of relief." *Montgomery*, 45 Ill. 2d at 96, 256 N.E.2d at 803.

■ In this case, the record shows Perry alleged two facts to excuse his delay: (1) the information allegedly given to him in the prisoner handbook and (2) the lockdown at his prison. Perry first argues his reliance on an earlier version of the applicable statute contained in a prisoner handbook is sufficient to show he was not culpably negligent. Perry is mistaken.

As stated in his affidavit, Perry received the handbook upon entering the Illinois Department of Corrections. Perry entered Menard Correctional Center (Menard) in 1986. In 1986, the statute of limitations for postconviction petitions was 10 years rather than 3. Therefore, the information Perry received from the Department of Corrections was accurate at the time Perry received it.

Nevertheless, Perry suggests that by providing him with the handbook, the State assumed a duty to provide him with updated and accurate information concerning changes in the Post-Conviction Hearing Act shortening the filing period. Perry contends the State's failure to do so excuses his failure to comply with the Act's statute of limitations. Perry's affidavit also alleges that, even if he had been informed of the change in the statute of limitations, Menard's lockdown policy would have prevented him from complying, thereby excusing his noncompliance.

Perry's affidavit presents no facts to support these claims. First, the record is silent as to the contents of the prison library at Menard. We cannot infer merely from Perry's ignorance of the change in the statute of limitations that the library did not contain updated and ac-

curate information concerning postconviction relief. Thus, even if we were to accept Perry's premise that the Department of Corrections assumed a duty to provide him with updated and accurate information when it provided the handbook, we could not find that it breached that duty on the facts stated.

Perry, though proceeding *pro se* at the time of his petition, seeks to impose the duties attendant to competent counsel on the Department of Corrections. However, as emphasized in *People v. Uppole*, 228 Ill. App. 3d 281, 285-86, 591 N.E.2d 898, 901-02 (1992), even at trial defendants cannot claim the right to reject services of counsel and also claim the right to have access to the limitless range of legal materials and information. Similarly, no such limitless right exists for *pro se* prisoner petitioners, nor should *de facto* duty of counsel be imposed on the Department of Corrections.

Alternatively, Perry asserts that, even if he had been informed of the change, Menard's lockdown policy would have prevented his timely filing by restricting his access to the prison law library. However, Perry's speculation as to the possible effects of Menard's lockdown policy does not support reversal of the circuit court's decision. Moreover, the dates of the lockdown included in the record reveal several month-long periods when Perry was not under lockdown.

The facts contained in the record do not suggest that Perry's delay in filing was excusable: (1) Perry received accurate information upon entry to Menard; (2) Perry was not in lockdown during several month-long periods; (3) Perry failed to plead facts as to the contents of the law library; and finally (4) Perry alleged merely a hypothetical injury he possibly could have received as a result of his lockdown.

Here, as in *Montgomery*, the circuit court considered the alleged facts and determined they were insufficient to demonstrate a lack of culpable negligence. The lockdown dates and the handbook information were before the court and included in the record. Indeed, the circuit court indicated it considered this information when it stated it so ruled "even assuming [Perry's affidavit] is correct as far as the dates of the lock down and the information given [Perry]." Under existing precedent and the facts alleged, the circuit court correctly determined Perry's untimely filing was not excused. Accordingly, we affirm the judgment of the circuit court.

Affirmed.

QUINN, J., concurs.

JUSTICE ZWICK, dissenting:

I dissent.

Petitioner alleged that at the time he was convicted and incarcerated, he received a prisoner handbook from the Illinois Department of Corrections which officially advised that he had 10 years to file a petition pursuant to the Post-Conviction Hearing Act. The legislature subsequently modified the Post-Conviction Hearing Act, shortening the filing period from 10 years to 3 years, effective January 1, 1992. However, petitioner was never informed of this modification or its impact upon his rights. This modification effectively terminated this avenue of redress for petitioner immediately upon passage.

In my view, it is unconscionable to apply the statutory language in such a manner as to erect an insurmountable barricade to a preexisting statutory right. I am persuaded by the logic and reasoning of Justice Clark's dissent in *People v. Bates*, 124 Ill. 2d 81, 529 N.E.2d 227 (1988). Not only law, but decency and principles of fair play demand that the petitioner be given a reasonable time to file his postconviction petition when the effect of the statute is to immediately and prematurely terminate his vehicle for challenging constitutional correctness. See *Bates*, 124 Ill. 2d at 90-92 (Clark, J., dissenting, joined by Stamos, J.).

It is clear that the petitioner here is free from any negligence, let alone culpable negligence. My research has not disclosed any decision in which the court found that the delay in filing a late postconviction petition could be excused because of an absence of "culpable negligence" by the petitioner. It seems that the courts have universally emasculated the "absence of culpable negligence" language in the statute. Even mental illness isn't enough to justify a delay. This construction effectively nullifies the intent of the legislature as expressed in the clear statutory language.

In the instant case, the problem is even more egregious because the petitioner's confusion was created by the conduct of the Department of Corrections. Although the Department of Corrections was under no obligation to inform inmates of their postconviction rights, it did so in the prisoners' handbook. In the instant case, the Department of Corrections was a "volunteer" and caused the predicament facing the petitioner. Once having volunteered, the Department was under a duty to notify inmates of the change in the postconviction statute of limitations. This would have been a very easy task, and the failure cannot be excused to the detriment of the petitioner.

It is clear that the petitioner in this case has alleged sufficient facts to bring the lack of culpable negligence into play, thereby removing the jurisdictional bar.