THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEX MITCHELL, Defendant-Appellant.

Third District    No. 3—96—0051

Opinion filed June 11, 1998.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Alex Mitchell was convicted of first degree murder on April 13, 1992, and was sentenced to a term of 60 years' imprisonment. Defendant's conviction and sentence were affirmed by this court on direct appeal. *People v. Mitchell*, No. 3—92—0514 (1994) (unpublished order under Supreme Court Rule 23). On November 8, 1995, the defendant filed a *pro se* petition for postconviction relief which alleged, *inter alia*, that his appellate counsel was ineffective for failing to argue that the trial court erred in denying defendant's motion *in limine* to exclude evidence of gang activity. The circuit court dismissed the petition as untimely and because it found that defendant's allegations were patently without merit. On appeal, defendant contends that the late filing of his petition was not due to his culpable negligence and that he sufficiently alleged a cognizable issue of ineffective assistance of appellate counsel. We affirm.

## Facts

A detailed recitation of the facts is unnecessary to our disposition of this case. Suffice it to say that defendant and others repeatedly shot at a vehicle that was travelling through a neighborhood that was controlled by a particular gang. Testimony indicated that the owner of the vehicle was associated with a rival gang. One of the bullets penetrated the wall of the victim's house and killed her as she stood in her kitchen. A firearm's expert testified that the rifling on

the fatal bullet was consistent with having been fired from the type of weapon the defendant was seen carrying that day.

## Analysis

Defendant maintains that the circuit court erred in dismissing his postconviction petition as untimely because the late filing was not due to his culpable negligence. Defendant acknowledges that his petition was more than seven months late, but he asserts that the delay is attributable to frequent "lockdowns" at Pontiac Correctional Center (Pontiac) where defendant was incarcerated. Defendant argues that he was unable to visit the law library during the lockdown periods, which interfered with his ability to prepare the postconviction petition.

■ Section 122—1(c) of the Post-Conviction Hearing Act (Act) provides:

> "(c) No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, *unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.*" (Emphasis added.) 725 ILCS 5/122—1(c) (West 1996).

The defendant's conviction was affirmed by this court on August 16, 1994. Defendant did not file a petition for leave to appeal. Therefore, defendant had to file his postconviction petition within six months of the date for filing a petition for leave to appeal. Supreme Court Rule 315(b) provides that a petition for leave to appeal must be filed within 21 days or, if defendant has filed an affidavit of intent to file such a petition, within 35 days after entry of judgment by the appellate court. 166 Ill. 2d R. 315(b). September 20, 1994, is 35 days from the entry of the August 16, 1994, judgment. Therefore, defendant had six months, or until March 20, 1995, to file a timely postconviction petition. Instead, defendant filed on November 8, 1995, 232 days beyond the filing deadline.

Defendant argues that his late filing should be excused because he has fulfilled the section 122—1(c) requirement of alleging facts showing that the delay was not due to his culpable negligence. According to the affidavit filed with defendant's petition, Pontiac was on lockdown a total of 51 days between September 20, 1994, and March 20, 1995. In addition, during the period from March 21, 1995, until defendant filed his petition on November 8, 1995, Pontiac was locked down 103 days.

A petitioner has the burden of establishing that a delay in filing his postconviction petition was not due to his culpable negligence. *People v. Lee*, 292 Ill. App. 3d 941, 688 N.E.2d 673 (1997); *People v. Heirens*, 271 Ill. App. 3d 392, 648 N.E.2d 260 (1995). The circuit court's determination of this issue will not be disturbed unless it is manifestly erroneous. See *People v. Caballero*, 179 Ill. 2d 205, 688 N.E.2d 658 (1997) (applying manifest error standard to review of circuit court's finding that delay was not due to defendant's culpable negligence); see also *People v. Moleterno*, 254 Ill. App. 3d 615, 627 N.E.2d 129 (1993) (decision to grant or deny request for postconviction relief will not be overturned unless manifestly erroneous); but see *People v. Perry*, 293 Ill. App. 3d 113, 687 N.E.2d 1095 (1997) (applying *de novo* standard of review).

In *People v. McClain*, 292 Ill. App. 3d 185, 684 N.E.2d 1062 (1997), the petitioner was approximately 5½ months late in filing his postconviction petition. The petitioner, who like this defendant was an inmate at Pontiac, claimed that lockdowns prevented him from filing on time. The *McClain* court found that the petitioner had not established that the delay was not due to his culpable negligence. The court noted that at the first stage of a postconviction proceeding the petitioner only needs to set forth the "gist of a meritorious claim." *McClain*, 292 Ill. App. 3d at 189, 684 N.E.2d at 1065. Since this low threshold does not require a petitioner to make legal arguments or cite to legal authority, access to the prison library was unnecessary. *McClain*, 292 Ill. App. 3d 185, 684 N.E.2d 1062. Therefore, "a prison 'lockdown,' restricting an inmate's access to the prison law library, does not constitute a legitimate excuse for the inmate's not filing a postconviction petition in a timely fashion." *McClain*, 292 Ill. App. 3d at 190, 684 N.E.2d at 1065.

Unlike the *McClain* court, we are not prepared to say that denial of access to the prison law library as a result of lockdowns could never excuse a late filing. As Justice Green pointed out in his dissent in *McClain*, many prisoners are unable to draft even simple documents without the aid of more sophisticated prisoners, and the prison library offers a place where the prisoner and his "jailhouse lawyer" can meet and work in a way not available during a lockdown. *McClain*, 292 Ill. App. 3d 185, 684 N.E.2d 1062 (Green, J., dissenting). Therefore, where the record shows that lockdowns have deprived the defendant of a meaningful opportunity to prepare his petition in a timely fashion, we believe some delay is excusable.

■ In this case we find that the defendant has failed to allege facts sufficient to show a lack of culpable negligence. Defendant's petition was 232 days late. While Pontiac was on lockdown 103 days

during that period, 129 days were available to prepare the petition. More importantly, during the six-month period allowed by section 122—1(c) to file the petition, Pontiac was locked down only 51 of 171 days, or slightly less than 3 days out of 10. The only other explanation offered by defendant for his failure to file within this period is that he was under the impression that only the trial judge could hear his postconviction petition and that judge had been indicted. Of course, it is not necessary for the postconviction judge and the trial judge to be the same (see *People v. Robinson*, 160 Ill. App. 3d 366, 513 N.E.2d 603 (1987); *People v. Dixon*, 160 Ill. App. 3d 65, 513 N.E.2d 134 (1987)), and defendant's mistaken belief to the contrary is not sufficient to excuse compliance with the time limitations imposed by section 122—1(c) (see *Perry*, 293 Ill. App. 3d 113, 687 N.E.2d 1095 (mistaken belief concerning filing deadline based on outdated prisoner handbook did not establish lack of culpable negligence); *Lee*, 292 Ill. App. 3d 941, 688 N.E.2d 673 (petitioner's claim that he was incorrectly advised of filing deadline by appellate counsel was not sufficient to show lack of culpable negligence)).

Under the circumstances presented here, defendant has failed to allege sufficient facts to meet his burden of establishing that the delayed filing was not due to his culpable negligence. See *Perry*, 293 Ill. App. 3d 113, 687 N.E.2d 1095 (affirming dismissal of petition despite lockdown where record showed several month-long periods when prison was not under lockdown). Given our ruling, we need not consider the correctness of the trial court's alternative grounds for dismissal.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

HOMER, P.J., and LYTTON, J., concur.