THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL DAVIS, Defendant-Appellant.

First District (6th Division)   No. 1—98—3400

Opinion filed April 14, 2000.

Michael J. Pelletier and Tracy McGonigle, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Sarah L. Camper, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Following a jury trial, defendant Michael Davis was convicted of first degree murder and sentenced to 40 years in prison. The judgment was affirmed on direct appeal. *People v. Davis*, No. 1—94—3799 (1998)

(unpublished order under Supreme Court Rule 23). Defendant subsequently filed a *pro se* postconviction petition, which was dismissed as untimely. With the assistance of retained counsel, defendant then unsuccessfully moved to vacate the dismissal. He appeals the trial court's order denying the motion to vacate, contending that the facts before the court showed that the delay in filing was not attributable to his culpable negligence.

■ Section 122—1 of the Post-Conviction Hearing Act (Act) provides, in pertinent part:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal *** or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1996).

Defendant was found guilty on July 1, 1994, and sentenced on August 22, 1994. The judgment was affirmed by this court in a summary order under Supreme Court Rule 23(c) (166 Ill. 2d R. 23(c)) on March 14, 1997. On October 1, 1997, the supreme court denied defendant's petition for leave to appeal but directed this court to vacate its summary disposition and issue either an opinion or an unpublished order under Rule 23(a) or (b) (166 Ill. 2d Rs. 23(a), (b)). *People v. Davis*, 174 Ill. 2d 574 (1997). On September 25, 1998, we issued an unpublished order affirming defendant's conviction and sentence.

Defendant filed his *pro se* postconviction petition on September 15, 1997, about two weeks before the supreme court ruled on his petition for leave to appeal. However, because the petition was filed more than three years after defendant's conviction, it was barred by the statute of limitations. The petition was filed 24 days[1] late and alleged no facts showing that the delay was not attributable to defendant's culpable negligence. On November 12, 1997, the trial court summarily dismissed the petition as untimely filed without considering the merits.

On December 8, 1997, defendant, through retained counsel, filed a motion seeking to vacate the dismissal and requesting leave to file an amended petition. The motion alleged that "defendant can demonstrate that any delay in filing was not due to his culpable negligence." The court denied the motion to vacate on December 19, 1997. On

---

[1]Both parties accept August 22, 1994, the date defendant was sentenced, as the relevant date for purposes of calculating the limitations period. However, recent case law suggests that the statute begins to run on the date the defendant was found guilty. See *People v. Woods*, 306 Ill. App. 3d 1144, 1148 (1999). The difference in this case, approximately seven weeks, would not affect our determination on lack of culpable negligence.

January 16, 1998, defendant moved for reconsideration, alleging that one of his trial attorneys erroneously advised him that the limitations period for postconviction petitions was six months from the appellate court's disposition of his direct appeal and that he therefore had until September 15, 1997, to file his petition. The motion for reconsideration was supported by the affidavit of attorney Martin Murphy, who averred that he "erroneously advised [defendant] and his family in 1997 that he had to file his postconviction petition by September 15, 1997."

The trial court allowed defendant to file the amended petition and affidavit, along with a response addressing the issue of timeliness, and held a hearing to determine whether the delay in filing should be excused because it was attributable to counsel's erroneous advice. At the conclusion of the hearing, the court denied the motion to reconsider based on the decision in *People v. Lee*, 292 Ill. App. 3d 941 (1997), which held that incorrect advice from counsel concerning the limitations period was insufficient to establish a lack of culpable delay.

On appeal, defendant contends that the allegations of his petition, supported by the affidavit of his trial attorney, established that the short delay in filing was attributable to his attorney's erroneous advice rather than any culpable negligence on the part of defendant. He argues that a decision to the contrary would have the effect of emasculating the concept of lack of culpable negligence.

■ The Post-Conviction Hearing Act contains a "safety valve" which allows a defendant to avoid the bar of the statute of limitations by showing that the delay in filing was not due to his culpable negligence. *People v. Wright*, 189 Ill. 2d 1 (1999). A review of the case law shows that freedom from culpable negligence is very difficult to establish. See *People v. Montgomery*, 45 Ill. 2d 94 (1970); *People v. Diefenbaugh*, 40 Ill. 2d 73 (1968); *People v. Perry*, 293 Ill. App. 3d 113 (1997). It should not, however, be so difficult as to render the provision a nullity. *Perry*, 293 Ill. App. 3d at 118 (Zwick, J., dissenting).

■ Here, the trial court allowed defendant to file, in support of his motion for reconsideration, the affidavit of one of his trial attorneys, who admitted that he erroneously advised defendant that he had until September 15, 1997, to file his postconviction petition. The attorney averred that this advice was based on his mistaken belief that the petition could be timely filed six months from the date the appellate court disposed of defendant's direct appeal. Defendant filed a *pro se* petition on that date. We believe these facts are sufficient to establish that defendant was not culpably negligent in failing to comply with the statute of limitations.

In arguing that the petition was time-barred, the State relies upon

*People v. Perry*, 293 Ill. App. 3d 113 (1997), and *People v. Lee*, 292 Ill. App. 3d 941 (1997). These cases are distinguishable. In *Perry*, the defendant was given a prisoner handbook which accurately stated the limitations period at the time, but he was not given updated information showing that the limitations period was later shortened. We found these facts insufficient to excuse the delay, stating that the defendant could not impose the "*de facto* duty of counsel \*\*\* on the Department of Corrections." *Perry*, 293 Ill. App. 3d at 117. Here, it was the advice of counsel upon which defendant relied. In *Lee*, the defendant stated in his own affidavit that he was incorrectly advised by his appellate counsel of the statute of limitations for filing a postconviction petition. The appellate court stated that, "[a]fter reviewing [defendant's] affidavit and relevant case law," it found the defendant had not established a lack of culpable negligence. *Lee*, 292 Ill. App. 3d at 943. No facts were stated with respect to the exact advice given the defendant, and the petition was filed four years too late. Here, defendant specifically alleged what his attorney told him, supported the allegations with the attorney's affidavit, and filed his *pro se* postconviction petition on the date he was advised to do so. These facts are sufficient to excuse the delay in filing.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with the Act.

Reversed and remanded.

CAMPBELL and BUCKLEY, JJ., concur.