Randy C. DAUGHERTY, Plaintiff,

v.

George WELBORN, Warden, Menard Correctional Center, and Roland W. Burris, Defendants.

No. 92–1406.

United States District Court, C.D. Illinois.

Nov. 30, 1992.

Randy C. Daugherty, pro se.

Charles M. Schiedel, State Appellate Defender, Karen Alice Kloppe, Atty. Gen., Springfield, IL, for defendants.

## ORDER

McDADE, District Judge.

In November 1991, Randy Daugherty applied for a Writ of Habeas Corpus in the Springfield Division of the Central District of Illinois pursuant to 28 U.S.C. § 2254 (Case No. 91–3323). Judge Richard Mills transferred the Petition to Chief Judge Michael Mihm in September of 1992 (new Case No. 92–1406). Judge Mihm reassigned the Petition to Judge Joe B. McDade on September 17, 1992. The Court now RESERVES RULING on the Petition for a Writ of Habeas Corpus, pending resolution of *Taylor v. Gilmore*, 954 F.2d 441 (7th Cir.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 52, 121 L.Ed.2d 22 (1992) in the United States Supreme Court.

## PROCEDURAL HISTORY

On January 12, 1982, Randy Daugherty was convicted of murder in the Circuit Court of Pike County, Illinois.[1] He was sentenced to 70 years imprisonment. The record indicates that Petitioner perfected his direct appeal in the state court system. The Illinois Appellate Court affirmed the

---

**1.** The state also charged Mr. Daugherty with armed robbery, but the jury acquitted him on this charge.

conviction,[2] and the Illinois Supreme Court denied him leave to appeal in 1983.[3] Petitioner also perfected his collateral appeal in the state court system. In his petition for post-conviction relief, he attacked his conviction on the grounds that: (1) the murder/manslaughter pattern jury instructions given by the trial court denied him due process by their failure to properly allocate the burden of proof upon the state; and (2) the ineffective assistance of counsel.[4] Relief was denied by the Illinois Circuit Court on the basis that *People v. Reddick*, 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988), the controlling legal authority on the instructions at issue, could not be given retroactive application because the decision was handed down subsequent to Petitioner's conviction.[5] The Illinois Appellate Court affirmed the Circuit Court's decision,[6] and the Illinois Supreme Court again denied the Petitioner leave to appeal.[7] Petitioner's habeas petition repeats this post-conviction ground as a basis for habeas relief.

In its Response to the Petition, the State concedes that Petitioner has completely exhausted his state court remedies for this claim and does not raise any issues of procedural default. The State also concedes that the instructions given at trial were in error and merit habeas relief, citing *United States ex rel. Flowers v. Illinois Dept. of Corrections*, 767 F.Supp. 880 (N.D.Ill.1991), *aff'd, Flowers v. Illinois Dept. of Corrections*, 962 F.2d 703 (7th Cir.1992), *petition for cert. filed*, 61 U.S.L.W. 3150 (Aug. 5, 1992) (No. 92-253)[8] and *Taylor v. Gilmore*, 954 F.2d 441 (7th Cir.1992), *cert. granted*, — U.S. —, 113 S.Ct. 52, 121 L.Ed.2d 22 (1992), but argues that this error was "harmless."[9]

## THE CLAIM

It appears that both Petitioner and the State premise Petitioner's entitlement to habeas relief upon the notion that federal due process concerns are implicated by the defective murder/manslaughter instructions given at Daugherty's trial. Their erroneous rationale for a due process violation is that these instructions failed to properly allocate to the State the burden of proof with respect to the various mental states that could have supported a voluntary manslaughter conviction. This burden of proof question was the central issue in *People v. Reddick*, 123 Ill.2d 184, 122 Ill. Dec. 1, 526 N.E.2d 141 (1988), which was controlled solely by state law and did not

2. *People v. Daugherty*, 112 Ill.App.3d 541, 68 Ill.Dec. 25, 445 N.E.2d 473 (4th Dist.1983).

3. *People v. Daugherty*, No. 58049 (Ill.S.Ct. May 31, 1983).

4. This claim has not been raised in the habeas petition.

5. *People v. Daugherty*, No. 81-CF-39 (Pike Co. Cir.Ct. December 10, 1990) relying on *People v. Flowers*, 138 Ill.2d 218, 149 Ill.Dec. 304, 561 N.E.2d 674 (1990) which held that *People v. Reddick*, 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988) constituted a "new rule" under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) which could not be applied retroactively to convictions obtained prior to this decision.

6. No. 4-91-0065 (4th Dist. June 20, 1991).

7. *People v. Daugherty*, 141 Ill.2d 548, 162 Ill.Dec. 496, 580 N.E.2d 122 (1991).

8. Daugherty also cites this case as support that *Reddick* is not a new rule, however, the district court in that case did not hold that *Reddick* was not a new rule; it held that *Falconer v. Lane*, 905 F.2d 1129 (7th Cir.1990) was not a new rule. The writ was granted because the court applied the *Falconer* ruling retroactively, not *Reddick*.

9. The Seventh Circuit has repeatedly stated that "the constitutional errors in the Illinois murder/manslaughter pattern instructions [are] 'inherently prejudicial.'" *Taylor*, 954 F.2d at 454 (citing cases). Further, if the trial judge attempts to give the voluntary manslaughter instruction, then the judge apparently believed that there was enough evidence to support such a verdict. Thus, a defective instruction is not harmless error.

The State further confuses the legal post by seemingly conceding the retroactivity issue, *citing Taylor v. Gilmore*, and then arguing that *Taylor* is on appeal to the United States Supreme Court. In arguing for the denial of the writ of habeas corpus, the State voices its faith that *Taylor* will be reversed. The Supreme Court recently did grant certiorari on *Taylor*, but only on the question of whether *Falconer v. Lane* constituted a new rule under *Teague v. Lane*.

implicate federal due process principles. *See Taylor v. Gilmore*, 954 F.2d 441, 448 (7th Cir.1992), *cert. granted,* — U.S. —, 113 S.Ct. 52, 121 L.Ed.2d 22 (1992). Having incorrectly adopted *Reddick* as the controlling law for habeas relief, Petitioner—blindly followed by the State—argues now (as it did in state post-conviction proceedings) that *Reddick* should be applied retroactively to invalidate his conviction on federal due process grounds.

The parties' briefs indicate that they both perceive that the burden of proof issue decided in *Reddick* implicated federal due process concerns, a notion suggested in *Falconer v. Lane*, 905 F.2d 1129 (7th Cir. 1990) (cited by Petitioner).[10] In *Falconer*, the Seventh Circuit wrote:

> The murder instruction ... read as though voluntary manslaughter did not exist as a crime. No matter how clearly either the State or the defense proved the existence of the mitigating "manslaughter defenses," the jury could nevertheless return a murder verdict in line with the murder instruction as given. Far from setting aside an interpretation of state law by state courts, the district court's decision in this case *effectuated the holding of Reddick through the vehicle of the Due Process Clause.*

*Id.* at 1136. In reliance upon *Falconer*, the parties have erroneously extended *Reddick* to include federal due process as a ground for its decision to invalidate Illinois' defective murder/manslaughter instructions. The confusion surrounding *Falcon-*

*er'*s relationship to *Reddick* was put straight, however, in *Taylor v. Gilmore*, 954 F.2d 441 (7th Cir.1992), *cert. granted,* — U.S. —, 113 S.Ct. 52, 121 L.Ed.2d 22 (1992):

> ... some of our cases may have left the lingering impression that we still believed there was some federal constitutional content in *Reddick....* We take this opportunity to dispel any such impressions. *Reddick* according to its own terms, was controlled by § 3–2 of the Illinois Criminal Code. The question here is whether the case was also controlled by the federal constitution. *Reddick* left this question unaddressed because of its grounding in state law. We find that it was not. First, any links with the due process principles in *Falconer* are illusory. *Falconer*, as we shall see, *did not rest on burden of proof questions, but rather upon the fact that the instructions were confusing* and could permit a jury to completely ignore whether the defendant had a mitigating mental state—regardless of who bore the burden of proof.

*Id.* at 448–49. *Taylor v. Gilmore* is the controlling law in this Circuit which this Court is bound to follow with reference to the federal due process issues implicated by the murder/manslaughter instructions involved in this case.[11]

In *Taylor*, the petitioner had been convicted of murder. Similar to the case at bar, at trial, the jury was given the stan-

---

**10.** A number of cases in the Seventh Circuit, Illinois district and state appellate courts were under the same impression. In *United States ex rel. Fleming v. Huch*, 924 F.2d 679 (7th Cir.1991) the same *Reddick* instruction was at issue. In that case, the Seventh Circuit reversed a district court which refused to hold that the *Reddick* instruction violated federal due process under *Falconer v. Lane*. In its opinion, the Seventh Circuit again made clear that while the error in *Reddick* was an error of state law, the due process violation is defined by the confusing nature of these instructions. In other words, no matter who bears the burden of proof on voluntary manslaughter, if the two instructions, read together, leave out reference to "evidence regarding provocation or unreasonable belief of justification" then a faulty verdict may be reached and a violation of due process has occurred. *See also United States ex rel. Rose v.*

*Lane,* 910 F.2d 400 (7th Cir.) *cert. denied,* 498 U.S. 983, 111 S.Ct. 515, 112 L.Ed.2d 526 (1990). The *Falconer* claim originates from *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973) which states that faulty instructions like these "so [infect] the entire trial that the resulting conviction violates due process." *Id.* at 147, 94 S.Ct. at 400. *See also People v. Flowers,* 138 Ill.2d 218, 149 Ill.Dec. 304, 561 N.E.2d 674 (1990).

**11.** *Taylor v. Gilmore,* 954 F.2d 441 (7th Cir.1992) was admittedly not decided until January 1992. Daugherty's petition was filed on November 15, 1990. The State's Answer, however, was not filed until June 25, 1992. *Falconer v. Lane,* 905 F.2d 1129 (7th Cir.1990) was decided June 29, 1990. *See also supra* note 10.

dard pattern jury instructions on murder and voluntary manslaughter (back-to-back) without clarifying that, to obtain a murder conviction, the State bore the burden of disproving any mitigating factors raised by the defendant as an affirmative defense— in addition to the elements of murder— beyond a reasonable doubt. *Taylor*, 954 F.2d at 443–44. In his habeas petition, Taylor claimed that these instructions violated his right to procedural due process under the Federal Constitution. To support this claim, the petitioner apparently cited *People v. Reddick*, 123 Ill.2d 184, 122 Ill.Dec. 1, 5, 526 N.E.2d 141 (1988)—which held that because Illinois' murder/manslaughter instructions relieved the prosecution of its burden of proof, they violated state law—and *Falconer v. Lane*, 905 F.2d 1129, 1136 (7th Cir.1990)—which held that because these instructions were confusing, they violated federal due process.

In *Taylor I,* the State conceded that the murder/manslaughter instructions were defective under both *Reddick* and *Falconer,* and contended that because they announced "new rules" under the retroactivity principles of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and its progeny, they could not be applied retroactively to benefit the petitioner. The district court agreed and denied the petition for habeas corpus. *U.S. ex rel. Taylor v. Gilmore, Taylor I,* 770 F.Supp. 445 (C.D.Ill.1990).[12]

The Seventh Circuit, however, never reached the "new rule" question on *Reddick,* holding that a *"Reddick* instruction," which misstates the prosecution's burden of proof, is simply a violation of state law, not federal due process, *Taylor,* 954 F.2d at 449. This holding effectively reversed the district court's finding that *Reddick* incorporated due process principles and that *Falconer* gave *Reddick* federal constitutional stature.[13] The Court of Appeals distinguished the holding in *Falconer v. Lane* from the one in *Reddick,* stating that

a federal due process violation occurs if the two pattern instructions on murder and voluntary manslaughter, given in a consecutive manner, are so confusing that they "could permit the jury to completely ignore whether the defendant had a mitigating mental state—regardless of who bore the burden of proof." *Taylor,* 954 F.2d at 449. The Court then held that *Falconer* was not a "new rule," applied it to Taylor's conviction, and granted the writ.

## APPLICATION OF THE LAW

In *Taylor,* the petitioner apparently raised a *Falconer* due process claim in his habeas petition, because the Court of Appeals granted the writ on that basis. Arguably, however, Mr. Daugherty has made no such claim—neither facially nor in substance—neither in his state post conviction petition nor in his habeas petition. Instead of *Falconer,* Daugherty has relied upon *Reddick* as the basis for his claim, a claim which did not implicate federal due process principles.

Title 28 U.S.C. § 2254(a) states that a federal court may only hear a habeas claim if the petitioner alleges that "he is in custody in violation of the Constitution or laws ... of the United States." This statute further states that:

**Title 28 U.S.C. § 2254(b), (c). Exhaustion of Remedies**

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in

---

**12.** Relying on *People v. Flowers,* 138 Ill.2d 218, 149 Ill.Dec. 304, 561 N.E.2d 674 (1990).

**13.** In *Falconer,* the Seventh Circuit had stated that *Reddick* "obviously considered the errors resulting from the invalid instructions to be of

constitutional magnitude." *Taylor,* 954 F.2d at 448, citing *Falconer,* 905 F.2d at 1134. *Taylor* expressly retreated from this language. *Taylor,* 954 F.2d at 449.

the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

■ The "exhaustion of state remedies" doctrine, codified in the federal habeas statute, "is designed to give state courts the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," by applying "controlling legal principles to the facts bearing upon the constitutional claim." *Picard v. Connor,* 404 U.S. 270, 275–77, 92 S.Ct. 509, 512–14, 30 L.Ed.2d 438 (1971); *Anderson v. Harless,* 459 U.S. 4, 7, 103 S.Ct. 276, 279, 74 L.Ed.2d 3 (1982), where state remedies are still available to the petitioner. *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991) *citing Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982); *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir.1992). Thus, a prisoner seeking habeas relief must raise the "substance" of his federal claims in state court before proceeding to federal court. *Picard,* 404 U.S. at 275, 92 S.Ct. at 512; *Anderson,* 459 U.S. at 6–7, 103 S.Ct. at 277–78; *see also, Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983) (en banc).

■ The "substance" of a claim is not "fairly presented" to the state courts simply by alleging "all the facts necessary to support the federal claim," nor is it presented through a "somewhat similar state law claim." *Anderson,* 459 U.S. at 6, 103 S.Ct. at 277. Even if the facts alleged present both a state law and a federal constitutional claim, if it is plain from the record that the "constitutional argument" was neither presented nor considered by the highest state court, then the "substance" of the constitutional claim was not "fairly presented." *Anderson,* 459 U.S. at 7, 103 S.Ct. at 278.

■ This case presents a question recently discussed in *Whipple v. Duckworth,* 957 F.2d 418 (7th Cir.1992): "whether and under what circumstances a state prisoner. who has fully presented to the state court the substance of a claim that forms the basis of the constitutional deprivation alleged in the prisoner's habeas petition, but has not done so in explicit constitutional terms, may be held to have sufficiently apprised the state court of the potential existence of an error of constitutional dimension." *Id.* at 420, *citing United States ex rel. Sullivan v. Fairman,* 731 F.2d 450, 453 (7th Cir.1984); *see also, Verdin v. O'Leary,* 972 F.2d 1467 (7th Cir.1992). Various factors have been used to resolve this question, but the controlling principle is whether the underlying facts of the constitutional claim asserted were presented to the state courts in the context of federal case law and the proper constitutional arguments. *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). It appears that it is not sufficient merely to cite the case law which contains the proper constitutional arguments, rather, prisoners must themselves make those arguments and then cite the proper case law as support.

The rule is clear that federal claims must be stated with specificity in state post-conviction pleadings. *Ill.Rev.Stat.* Ch. 38, ¶ 122–2. *See also Picard,* 404 U.S. at 277–78, 92 S.Ct. at 513–14. From the outset, however, Daugherty has consistently argued that he should be granted habeas relief under *Reddick,* a case controlled by state law, not *Falconer.* The only reference to *Falconer* is in a single citation used as support for the *Reddick* claim. Thus, it is arguable that the *Falconer* due process claim was not fairly presented to the state courts, thus invoking the exhaustion bar to federal habeas relief.

■ The exhaustion issue appears to be irrelevant, however, because state remedies are no longer available to Daugherty. The Illinois Post Conviction Hearing Act now gives petitioners only three years from the date of final judgment to bring federal claims in state collateral proceedings. Ill.

Ann.Stat. Ch. 38, ¶ 122–1 (1990 Supp.).[14] Randy Daugherty was convicted of murder on January 12, 1982. Thus, even though the *Falconer* claim may not have been exhausted, Daugherty is barred by the state statute of limitations from returning to state court to litigate the claim and has thus encountered a procedural default. *Teague v. Lane*, 489 U.S. 288, 297–98, 109 S.Ct. 1060, 1067–68, 103 L.Ed.2d 334 (1989).[15]

 More importantly, however, is the fact that the state has waived any objection to habeas corpus relief based upon the doctrines of exhaustion of remedies and procedural default.[16] Therefore, under the circumstances of this case, these defenses are waived by the state and do not bar the Court from considering the merits of Daugherty's petition—regardless of whether Daugherty failed to exhaust all state remedies or procedurally defaulted the *Falconer* claim.

Conversely, the Court may also choose to ignore the state's waiver and dismiss the petition for non-exhaustion or procedural default. There is no *per se* rule; rather, district courts are "to exercise discretion in each case" and "determine whether the interests of comity and federalism will be better served by addressing the merits" or dismissing the petition. *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984) (doctrine of exhaustion is a rule of comity not jurisdiction and so admits exceptions pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)); *Plunkett v. Johnson*, 828 F.2d 954 (2nd Cir.1987) (state waiver cannot preclude district court from

dismissing petition for failure to exhaust); *Taylor v. Gilmore*, 954 F.2d 441, 450 (7th Cir.1992) *cert. granted,* —— U.S. ——, 113 S.Ct. 52, 121 L.Ed.2d 22 (1992), *citing Thomas v. Indiana*, 910 F.2d 1413, 1415 (7th Cir.1990) (where "delicate issues of comity" are at stake, courts may waive a state's "waiver" and proceed to the merits). In this case, the Petition would not be dismissed on either basis for the reasons which follow.

Ordinarily, the Court would be satisfied in finding that Daugherty had failed to state a cognizable constitutional claim in his habeas petition as required by 28 U.S.C. § 2254(a), thereby prompting summary dismissal of his petition. Arguably, he has neither pled nor briefed a federal due process claim under either *Falconer* or *Taylor*, nor any other pertinent federal case law.[17] However, the Court believes that the merits of Daugherty's claim should be reviewed for several reasons.

Although the substance of the *Falconer* due process "argument" was not presented to the Illinois Supreme Court, the substance of the due process "claim" was. The substance of the *Falconer* due process claim is that the murder/manslaughter instructions allowed the jury to convict Daugherty of murder even though it also found the presence of mitigating elements which could have sustained a verdict of involuntary manslaughter. This claim was presented to the Illinois Supreme Court, and *Falconer v. Lane* was cited as support, even though Daugherty's counsel erroneously placed emphasis on the shifting burden of proof rather than the confusing nature of the instructions.

---

**14.** This rule took effect January 1, 1992, and reduced the period for filing a petition for post-conviction relief from ten to three years after final judgment, unless a petitioner makes an affirmative showing of a lack of "culpable negligence." Final judgment" appears to mean the date of Daugherty's conviction. *See People v. Bates*, 124 Ill.2d 81, 124 Ill.Dec. 407, 529 N.E.2d 227 (1988).

**15.** Petitioners who have defaulted their habeas claims for failure to raise the claim in state court must show "cause and prejudice," *Wain-*

*wright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), or a fundamental miscarriage of justice, *Sawyer v. Whitley*, —— U.S. ——, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

**16.** *See McCleskey v. Zant*, —— U.S. ——, ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (noting that the government bears the burden of pleading abuse of the writ).

**17.** *See supra* note 10.

The Court is aware that the opinion in *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) instructs that the substance of a claim is not fairly presented merely by alleging the underlying facts of a constitutional claim and then naming that claim "due process." *Anderson* thus appears to mean that a claim has not been exhausted unless a petitioner also makes the correct constitutional argument about the facts presented to the highest state court.

This case, however, is distinguishable from *Anderson*. At the time Daugherty filed his post-conviction and habeas petitions, state and federal law concerning *Reddick* instructions was not clearly established, because there was no single correct constitutional argument available.[18] Federal case law had produced two potential due process claims.[19] Daugherty's counsel chose to pursue only the *Reddick* claim, supported by a single citation to *Falconer v. Lane*, 905 F.2d 1129 (7th Cir.1990), for reasons which the Court cannot understand.[20] Arguably, however, Daugherty made at least one of the correct constitutional arguments at the time his habeas petition was filed, since there was a split in the case law. Further, Daugherty did cite *Falconer*, even though the Court could now say after *Taylor* that he presented the

wrong argument from that case. The Court chooses not to adopt that reasoning. The Court believes that the interests of federalism and comity are not served by dismissing Daugherty's habeas petition simply because he did not make the right constitutional argument under *Falconer*, an argument that was not clear to several federal courts and the Illinois Supreme Court prior to *Taylor v. Gilmore*.

■ Thus, the posture and circumstances of this case are such that indulging the greatest possible latitude flowing from the injunction that federal courts are to liberally construe habeas petitions, the Court finds that the underlying facts presented in connection with the habeas petition do raise a federal due process issue and accordingly the Court will decide the merits of this case. To do otherwise would trivialize the historical purpose of the Great Writ and elevate form over substance. In doing so, the Court expressly rejects any notion that the parties, by their ignorance of the law or ineptitude, can confer jurisdiction upon this Court to hear a habeas petition which does not satisfy the requirements of 28 U.S.C. § 2254(a).

## CONCLUSION

■ The Court determines that the Illinois murder/manslaughter pattern jury in-

---

**18.** Daugherty filed his post-conviction petition in the Illinois Supreme Court on July 17, 1991). The Illinois Supreme Court denied Daugherty leave to appeal on October 2, 1991. The following decisions were made prior to this appeal: *Falconer v. Lane*, 905 F.2d 1129 (7th Cir.1990) (cited by Daugherty); *United States ex rel. Rose v. Lane*, 910 F.2d 400, 401 n. 1 (7th Cir.), *cert. denied*, 498 U.S. 983, 111 S.Ct. 515, 112 L.Ed.2d 526 (1990) (holding that *Reddick* created a federal claim through *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 [1970] ); *United States ex rel. Fleming v. Huch*, 924 F.2d 679 (7th Cir.1991) (disaffirming the holding in *Rose*, and holding that *Falconer* was the due process claim through *Cupp* and *U.S. ex rel. Reed v. Lane*, 759 F.2d 618 (7th Cir.1985) not *In re Winship*, but nonetheless linking *Falconer* to *Reddick* ); *Taylor I*, 770 F.Supp. 445 (C.D.Ill.1990); *People v. Flowers*, 138 Ill.2d 218, 149 Ill.Dec. 304, 561 N.E.2d 674 (1990) (holding that *Reddick* was based on federal due process principles, but could not be applied retroactively), *habeas petition taken to, United States ex rel. Flowers v. Ill. Dept. of Corrections*, 767 F.Supp. 880 (N.D.Ill. 1991) (holding that *Falconer* was the due pro-

cess claim since *Reddick* was based principally on state law; the court applied *Falconer* retroactively, holding that it was not a "new rule" under *Teague* ), *aff'd, Flowers v. Illinois Dept. of Corrections*, 962 F.2d 703 (7th Cir.1992), *petition for cert. filed*, 61 U.S.L.W. 3150 (Aug. 5, 1992) (No. 92–253).

**19.** Compare *Taylor I*, 770 F.Supp. 445 (C.D.Ill. 1990), with *United States ex rel. Flowers v. Ill. Dept. of Corrections*, 767 F.Supp. 880 (N.D.Ill 1991), *aff'd Flowers v. Illinois Dept. of Corrections*, 962 F.2d 703 (7th Cir.1992), *petition for cert. filed*, 61 U.S.L.W. 3150 (Aug. 6, 1992) (No. 92–253).

**20.** Daugherty's counsel also cited *United States ex rel. Flowers v. Illinois Dept. of Corrections*, 767 F.Supp. 880 (N.D.Ill.1991) as contrary authority, indicating that he was aware of the split in federal case law at the time he filed the habeas petition. Further, in *United States ex rel. Flemming v. Huch*, 924 F.2d 679 (7th Cir. 1991) the Seventh Circuit had retreated from the *Reddick/Falconer* alliance.

structions given by the trial court denied Daugherty federal due process under the auspices of *Falconer*, for the reasons clearly expressed in *Taylor*. Nevertheless, the United States Supreme Court has granted certiorari in *Taylor v. Gilmore* on the question of whether *Falconer* is a "new rule" under *Teague v. Lane* and can be applied retroactively to Randy Daugherty's conviction. In these circumstances, the Court believes that the economies of time and effort for all parties involved would be allocated best by reserving judgment[21] until the Supreme Court decides the question presented in *Taylor v. Gilmore*. Accordingly, the Court RESERVES RULING on Randy Daugherty's Petition for a Writ of Habeas Corpus pending the Supreme Court's decision in *Taylor v. Gilmore*.

---

**21.** "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), *cited by, Calder v. Job*, 973 F.2d 862, 868 (10th Cir. 1992), and *Twenty First Century Corp. v. LaBianca*, 801 F.Supp. 1007 (E.D.N.Y.1992) (Glasser, J.). Federal Rule 62(a) does not apply to stays prior to judgment.